[No. 7464. Decided April 20, 1909.]

John J. Kinnane, *Appellant*, v. D. Conroy, *Respondent*.[1]

Witnesses—Cross-Examination—Scope—Relation to Matters in Chief and to Defense—Brokers—Evidence. In an action to recover a broker's commission, defended on the ground that it was subject to the approval of the vendor's wife, who refused to sign, error cannot be predicated upon permitting the defendant to ask on cross-examination whether plaintiff did not ask the wife to come in and sign the contract; it being within the trial court's discretion and sufficiently connected with the matter in chief relating to the securing of the contract, although it may also have tended to support the defense.

Trial—Reception of Evidence—Specific Objections. Where the question asked simply required the witness to state what he would do if he should be advised by his counsel in a certain way, an objection that it was "predicated upon facts not in the case," is valueless and insufficient to raise the point that the advice of counsel, or the action of the witness thereon, were irrelevant or inadmissible.

Evidence—Admission—Declarations Against Interest—Brokers—Contracts. In an action to recover a broker's commission, defended on the ground of fraud by falsely reading to defendant a

[1]Reported in 101 Pac. 223.

contract prepared for his signature by the plaintiff, cross-examination of a third party, who was interested in the commissions, as to a conversation between witness and the defendant fixing the terms of the proposed sale, is admissible as a declaration against interest upon the issue of fraud in the terms of the contract as read over to the defendant.

TRIAL—INSTRUCTIONS. It is not error to refuse requested instructions covered in the general charge.

TRIAL—COMMENTS OF COUNSEL—EVIDENCE—PURPOSES FOR WHICH OFFERED. Where appellant offered in evidence an exhibit for a specified purpose without expressly limiting its effect it becomes evidence upon any point in issue to which it is material and relevant; and it is proper to refuse to restrict the argument of opposite counsel thereon.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 3, 1907, upon the verdict of a jury rendered in favor of the defendant, in an action to recover a broker's commission. Affirmed.

*Graves, Palmer & Murphy,* for appellant.

*Harold Preston* and *Ballinger, Ronald, Battle & Tennant,* for respondent.

MORRIS, J.—The appellant sought in this action to recover from the respondent upon a written contract of employment as a real estate broker. The complaint alleges the making of the contract, the procuring of a purchaser who was able and willing to purchase upon the terms suggested in the contract, the introduction of the contemplated purchaser to the respondent, and his refusal to convey. Respondent, answering, alleges, that he made an oral contract with appellant, authorizing him to find a purchaser for his property upon certain terms and conditions, among them being his ability to procure the consent of his wife to the sale; that after agreeing upon the terms, the appellant reduced the agreement to writing; that at the time respondent was, because of physical infirmity, unable to read the contract, and appellant read it to him; that, as read by appellant, it contained the terms agreed upon, and he signed the same, but upon the further

express condition that the contract would be of no force unless the wife would also sign; that upon presenting the same to the wife for her signature (she not being present when the husband signed), she refused, and that thereupon the broker was informed that the agreement was ended; that thereupon the appellant left, saying he would return later and endeavor to obtain the wife's consent; that after appellant had departed, he discovered the contract was missing, and that the contract set forth by appellant differed materially from the one read to him. He also denies that appellant ever presented to him any intending purchaser.

Upon these issues the cause was submitted to a jury, who found in favor of respondent. A new trial being denied, the case is brought here on appeal, predicating error upon the admission of certain testimony, mainly upon cross-examination, remarks of counsel in addressing the jury, and certain instructions given and refused by the court. We will discuss these assignments separately.

(1) Appellant had testified to his meeting with respondent, their discussion of the terms of the sale, the writing of the contract, and the signature of respondent, when upon cross-examination he was asked this question: "Now, after you had written that, isn't it a fact that you asked his wife to come in and sign it?" Counsel for appellant objected upon the ground that the question was irrelevant, immaterial, and not proper cross-examination. The court overruled the objection, and the witness answered in the affirmative. It is often a difficult matter to determine how far one may proceed in cross-examination. As a general rule, such examination must be confined to facts and circumstances connected with the matters testified to in chief. Yet the rule is elastic enough to permit examination into other matters which might have a tendency to explain the conduct of the witness in the given instance, to lessen the strength of his testimony, or show a bias or prejudice which might affect his credibility. A second rule often quoted is that, "A party may not prove his own

case by cross-examination of his opponent's witnesses." It is difficult for the trial court to adhere strictly to one rule without ofttimes violating the other. In this instance, whatever would throw any light on the character of the contract, the methods employed by the appellant in obtaining the signature of respondent, or the understanding of the respondent at the time he signed the same, was proper within the first rule. The agreement to obtain the signature of the wife and her refusal to sign was a matter of defense, and within the second rule, and yet the matter embodied in the question was so intimately connected with both rules that the admission or rejection of the testimony must be left to the discretion of the trial court, and error cannot be predicated upon its ruling. 1 Greenleaf, Evidence, §§ 445, 446, 447.

(2) Upon cross-examination of the alleged purchaser, the record shows the following:

"Q. (Mr. Ronald) Suppose your counsel would advise you now that that is a homestead under the facts shown, and that Conroy, his wife refusing, cannot give you a good title. Would you still take it? Mr. Murphy: I object to that as predicated upon facts not in the case. It does not appear that Mr. Stedman has given him any advice to that effect. Mr. Ronald: But he will. The Court: I will let you ask the question. Q. (Mr. Ronald) Now, if Mr. Stedman should advise you that this is a homestead of that man and his wife, and that under the law of the state his deed without her joining will not give you good title, will you then not, notwithstanding his advice, pay them $23,000 and take that deed? A. I understand it is not true of the property. Q. Answer the question. A. I will take it on Mr. Conroy's contract."

It is doubtful, in a technical view, whether the objection as taken is of any value, even though the court for any proper reason should have viewed the question as improper, or the evidence sought as inadmissible. The question does not purport to be predicated upon any fact in the case; nor does it assume that any such advice had been given. It asks, "Suppose your counsel would advise you now." If counsel was of the opinion that the advice of counsel was immaterial, irrele-

vant, or for any reason inadmissible, or that the action of the witness upon being advised by his counsel was for any reason inadmissible, he should have made his objection upon such ground. The purpose and intent of the question, as not being based upon any fact then appearing in the case, but upon the future action of the witness upon being advised by his counsel, again appears from the second question asked, "Now, if Mr. Stedman should advise you," etc. This objection was therefore not sufficiently definite to call the court's attention to the real ground of its inadmissibility, and cannot now be urged as error. *Coleman v. Montgomery,* 19 Wash. 610, 53 Pac. 1102.

(3) The next assignment of error is based upon the cross-examination of appellant's witness Williams, who was interrogated as to a conversation had with respondent a short time before the signing of the contract. In this conversation the terms of the sale had been discussed, and, as respondent claims, agreed upon between himself and Williams, who procured appellant to act as the broker. The conversation was material under the issues of fraud raised by respondent, that the contract as written and read to him was not the contract agreed upon, and that the same was made upon the express condition of obtaining the signature of the wife. It also appeared by the testimony of appellant that Williams had related this conversation to him, and that the same was embodied in the contract. It also appeared that Williams was to share in the commission with appellant. Declarations against interest of a party beneficially interested in the result of a litigation are always admissible. 16 Cyc. 984. Other assignments of error are based upon the admission of like testimony, but they are disposed of by what has been said in the above connection.

(4) Error is also assigned upon the giving and refusing to give certain instructions. It would serve no good purpose and unduly lengthen this opinion to set out the instructions complained of. Conceding that the instructions refused cor-

rectly stated the law, the court embodied the same legal principles in the instructions given although clothed in different language. Taking the instructions as a whole they correctly stated the law.

(5) Error is also predicated upon certain remarks made to the jury by counsel for respondent. Appellant had introduced in evidence as an exhibit the complaint in an action of specific performance brought by Bauer (the alleged purchaser) against the respondent, for the purpose, as expressed by counsel at the time of the offer, "to show Mr. Bauer's intention and willingness to take the property." During his address to the jury, counsel for respondent commented upon certain allegations in the complaint, to which counsel for appellant took exception, and requested the court to instruct the jury to disregard the same upon the ground that comment was being made upon matters not in evidence. The court refusing to so instruct, the ruling is assigned as error. The complaint being offered in evidence for one purpose, was evidence upon any point in issue to which it was material or relevant. If counsel desired to limit the evidence to the one point suggested in the offer, he should have requested the court at the time of the offer to instruct the jury that the evidence was material and admitted but for one purpose, and that they should not consider it for any other. Not having done so, he cannot afterwards be heard upon a claim of error.

Finding no reversible error, the judgment is affirmed.

CHADWICK, DUNBAR, PARKER, CROW, MOUNT, FULLERTON, and GOSE, JJ., concur.