CIRYLL M. KRHUT *et al.* v. JOHN W. PHARES.

No. 16,017.

JOHN W. PHARES v. CIRYLL M. KRHUT *et al.*

No. 16,115.

SYLLABUS BY THE COURT.

1. CONTRACTS—*Sale of Land by an Option-holder.* A contract granting an option to purchase a tract of land and binding the owner to convey on stated terms does not, before acceptance by the option-holders, vest in them any estate or interest in the land; but since they have such control of the title that by performance they can compel a conveyance, and so secure the land to themselves, they may, before the option expires, lawfully make a sale of it to a third party.

2. ——— *Agent to Account to Option-holder.* An agent of option-holders effecting a sale of the land for them under an arrangement whereby the option is relinquished and the owner conveys directly to the purchaser can not refuse to account for the profits of the transaction because his principals had no estate or interest in the land.

3. VARIANCE—*Unnecessary Allegation in Pleading Disregarded.* In an action by option-holders against their agent for profits which he has fraudulently secured to himself in making a sale of the land for them to a third party it is not necessary to allege or prove that the option-holders were equitable owners of the land, and an allegation to that effect in the petition may be disregarded.

4. PRINCIPAL AND AGENT—*Accounting.* Whatever the situation of a principal with reference to a tract of land may be, if an agent lawfully undertake to sell it for him, make the sale, and secure to himself the fruits which the agency was created to obtain, he is bound to account to his principal.

5. ——— *Forfeiture of Commission by Bad Faith.* If by suppressing the truth and misrepresenting the facts an agent to sell land for option-holders should obtain a relinquishment of the option, effect a sale to a third party, and secure to himself the profits of the transaction, he forfeits his commission.

Error from Trego district court; JACOB C. RUPPEN-THAL, judge. Opinion filed July 3, 1909. Modified.

*David Ritchie,* and *Herman Long,* for Ciryll M. Krhut and Stephen E. Krhut.

*W. E. Saum,* and *John E. Hessin,* for John W. Phares.

The opinion of the court was delivered by

BURCH, J.: In the district court the Krhuts were plaintiffs and Phares was defendant. The plaintiffs alleged they were the equitable owners of a tract of land which they listed for sale with the defendant, a real-estate agent, at a given price, agreeing to pay a percentage of the price as a commission, in consideration whereof the defendant undertook to find a purchaser. The defendant found a purchaser at the stated price, but fraudulently represented he had a purchaser at a smaller sum, which was all he could obtain. The plaintiffs were induced to relinquish their interest in the land for the benefit of the purchaser, and the defendant closed the sale in a way to net the sum of $1970, which he kept. The answer denied the allegations of the petition and gave a version of the transaction supposedly exculpatory of the defendant. The new matter in the answer was denied by the reply. On the trial the jury found a general verdict for the plaintiffs for the sum claimed, less the defendant's commission, but returned special findings of fact showing unfaithfulness in the conduct of the agency. A motion for judgment on the special findings was denied, judgment was rendered on the general verdict, and each party prosecuted proceedings in error. In this court the two proceedings were consolidated, and may be disposed of together.

The land was owned by Christ Wolf, who contracted with the plaintiffs as follows:

"APRIL 27, 1905.

"This contract, made this day by and between Christ Wolf, esq., and C. M. and Stephen Krhut, all of Trego county, Kansas, whereby said Wolf agrees to sell to said Krhuts all of section No. 33, thirty-three, in town-

ship 11, eleven, range 24, twenty-four, Trego county, Kansas, for the sum of twelve ($12) dollars per acre, in the following manner: Fifty dollars cash, receipt of which is hereby acknowledged, and nineteen- hundred and fifty dollars on or before September 1, 1905, and the balance, to be made in six equal notes, falling due in one, two, three, four, five and six years, respectively and each drawing six per cent. interest, and said interest to be paid annually, and said notes to be secured by a mortgage on said land.

"The essence of this contract is time, and it is hereby agreed that if said Krhuts fail to make payment of ($1950) nineteen hundred and fifty dollars by September 1, 1905, then this contract is void and said Krhuts agree that they forfeit all their claims on it by rights of this contract. If said Krhuts make payment on or before September 1, 1905, then said Wolf agrees to give them deed for said place and take notes as above mentioned, to fall due on September 1 of each year and to draw interest from September 1, 1905, at six per cent. This contract to be deposited in the Wa Keeney State Bank, and to be held by them, and in case of failure on part of said Krhuts to comply, to be delivered to said Wolf after September 1, 1905."

This contract supplied the only support for the allegation in the petition that the plaintiffs were the equitable owners of the land. The defendant claims it was insufficient for that purpose, and hence that there is a variance between the petition and the proof, and further contends the contract was insufficient in any event to afford a basis for recovery by the plaintiffs.

It may be conceded the contract did not bind the plaintiffs to purchase, that it gave them merely an option to buy, that it conveyed no estate in the land itself, and consequently that the plaintiffs were not equitable owners, as the petition alleged. It did, however, confer upon the plaintiffs the right to purchase, and bound the owner to convey to them. It gave the plaintiffs control of the title so that they could demand and compel a conveyance and so secure title to themselves, and thereby, if they desired, secure title to another. Being in a situation to enforce a conveyance

by the owner, they were in a position to make a binding contract themselves to convey. They could rightfully contract to sell the land as if they had perfected their right to obtain title. Ample authority for these propositions is found in the case of *Trust Co. v. McIntosh*, 68 Kan. 452, 462, and they need not be debated further. What the plaintiffs could do they could employ an agent to do for them, and a subject of agency existed just as lawful and just as tangible as if the plaintiffs had been equitable owners, as they described themselves.

It is a very old rule of civil procedure that only those matters which are essential to the cause of action need be proved. In this case it was of no consequence whatever whether the plaintiffs were legal owners, equitable owners, contract holders obligated to buy, option-holders, agents for the owner, or mere volunteers. Whatever their relation to the land, if the defendant undertook to act for them in selling it, did act, and fraudulently secured to himself the fruits which the agency was created to obtain, he was bound to account to his principals. These were the essential matters. No technical definition of the right which the plaintiffs possessed respecting the land was necessary, the mistake in characterizing the right was immaterial, and the allegation of equitable ownership in the plaintiffs did not need to be proved to establish the defendant's liability to them.

Suppose, however, some specific right of the plaintiffs in reference to the land were necessary to recovery: the interest of an option-holder is sufficient, and the variance between proof of such an interest and an allegation of equitable ownership would not be material unless the defendant were actually misled to his prejudice in maintaining his defense on the merits, which fact he would be obliged to prove to the satisfaction of the court. (Civ. Code, § 133.) The defendant was not only not misled, but he actually pleaded the

option contract in his answer as the true foundation of the plaintiffs' claim, and the trial proceeded throughout upon that basis.

The defendant testified he was not engaged in the business of selling real estate, as the petition alleged, and so he says the plaintiffs failed to make out a case against him. The chief assignments of error on the part of the defendant all involve one or more of the points referred to, if the one just stated be dignified as a point. The various forms under which they are presented and the various ramifications of the argument need not be considered. A number of subsidiary questions are discussed, but none of them requires special notice.

The jury found specially the existence of the agency and a disregard of the principles of common honesty in the conduct of it. The findings are abundantly sustained. The purchaser was found and placed under contract, and the plaintiffs were fraudulently induced to relinquish their rights before the option expired. The owner performed without objection, and it makes no difference that the sale was finally consummated after September 1. Because of his unfaithfulness the defendant forfeited his commission. (*Jeffries v. Robbins*, 66 Kan. 427.)

The defendant admits a demand upon him and a refusal to settle at some time between September 19 and September 30, 1905. The amount withheld is fixed by the findings. The district court is directed to modify the judgment to include the entire sum claimed, $1970, and interest from September 30, 1905.