[No. 12954. Department Two. March 7, 1916.]

ABE GREENBAUM, *Respondent*, v. LEOPOLD M. STERN, *Appellant*.[1]

EVIDENCE—DECLARATIONS BY THIRD PERSON—ADMISSIONS AGAINST INTEREST. In an action on a promise to pay the debt of plaintiff's brother, pursuant to a tri-party agreement under which plaintiff shipped certain goods to defendant, extra judicial statements of the brother to the effect that no such agreement was made are admissible as declarations against interest by one having a common interest with plaintiff, since the brother would have benefited by defendant's performance.

CONTRACTS—ACTIONS—EVIDENCE—ADMISSIBILITY. In such a case evidence that, after the defendant had received and sold the goods, which belonged to the brother, he paid a creditor of the brother, pursuant to an agreement under which the goods were shipped to him, is admissible as tending to prove that the contract claimed by the plaintiff was never made.

FRAUDS, STATUTE OF—PROMISE TO PAY DEBT OF ANOTHER—ORIGINAL PROMISE. An oral agreement between plaintiff, his brother, and defendant whereby plaintiff agreed to ship to defendant certain goods belonging to the brother in consideration of defendant's agreeing to pay the brother's debt to plaintiff, is an original promise based upon a sufficient consideration, and hence not within the statute of frauds relating to a promise to pay the debt of another.

[1]Reported in 155 Pac. 751.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 25, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Edward Judd*, for appellant.

*Aust & Terhune*, for respondent.

Parker, J.—The plaintiff, Abe Greenbaum, seeks recovery from the defendant, Leopold M. Stern, upon an alleged promise made by the defendant to the plaintiff to pay a debt due plaintiff from his brother, Albert Greenbaum, the promise being a part of a verbal contract to which all three were parties. Trial before the court and a jury resulted in a verdict and judgment in favor of the plaintiff, from which the defendant has appealed.

Respondent's version of the making of the contract, its terms and the attending circumstances, is, in substance, as follows: In December, 1911, respondent was the manager in charge of two stores belonging to his brother Albert, one of which was at Anacortes and the other at Sedro Woolley. Respondent resided at Anacortes, but visited the store at Sedro Woolley about every other day. His brother Albert and appellant were residents of Seattle. Albert was then indebted to respondent in the sum of $1,140 on account of money loaned. About December 14, 1911, Albert and appellant, the latter being then Albert's lawyer, as he informed respondent, came to the store at Anacortes with a view of having respondent ship or deliver to appellant a large quantity of goods to be taken from the stores. This intention being made known to respondent, he declined to ship any of the goods or deliver them to appellant until his debt of $1,140 due him from Albert was paid or secured. Respondent testified upon this subject as follows:

"I told him [Albert] I would not do it; that he owed me $1,140 and no goods would go out until I got my money as

it was hard-earned money. This was in the presence of Stern."

It was thereupon agreed between Albert, appellant and respondent that the goods should be shipped or delivered to appellant, and that he would assume and pay to respondent the debt owing from Albert. Thereafter, in pursuance of this agreement, respondent shipped to appellant, at Seattle, a quantity of the goods, of the wholesale value of some $2,300, where they were received by appellant in due course. Shortly thereafter an equal or greater quantity of goods was taken from the stores and delivered to appellant and taken away by him as baggage. Appellant, in each instance, aided in selecting the goods, and was given the privilege of exercising his choice in making the selection. This version of respondent is corroborated to a large extent by other witnesses who were present. It is not plain that respondent then knew just what appellant was going to do with the goods, or the exact nature of the interest appellant thereby acquired in the goods.

Appellant's version of the matter is that he was not a party to any such agreement as testified to by respondent; that he was not at Anacortes or Sedro Woolley at any time in December, 1911, and never entered into any such agreement at either of those places or elsewhere; that he did receive a shipment of goods at Seattle about December 15, 1911, which came from the store at Anacortes, corresponding substantially to the first shipment of goods claimed by respondent to have been made, and that he sold the goods at fifty cents on the dollar, receiving $972 therefor. While he was permitted to deny that this was done in pursuance of the contract claimed by respondent to have been made, he was not permitted to testify as to the making of an entirely different contract between himself and Albert alone at Seattle, and that his receipt and sale of the goods was made in pursuance thereof, and that he paid the money in pursuance of such contract. Certain statements of Albert were also of-

fered to be proven as admissions that the contract sued upon was not made. They were also excluded.

Counsel for appellant contend that the trial court erred in denying its motion for a new trial. In this behalf it is insisted that the court erred in excluding evidence offered tending to show that Albert had, since December, 1911, made certain statements amounting to admissions that there never was any agreement made between him, respondent and appellant of the nature claimed by respondent. The formal offer was as follows:

"The defendant offers to prove by letters of Albert Greenbaum and by statements made by him to other persons, not being made in the presence of the plaintiff, that Albert Greenbaum, since December, 1911, has, several times, stated that the plaintiff Abe Greenbaum had no claim against Leopold Stern, and has several times stated that the acts testified to by the plaintiff and his witnesses as to what occurred, where Albert Greenbaum was present in Anacortes and Sedro Woolley, never occurred. I offer to have this testified to by Max Howe and Herman Kessler, and also by the copy of a letter from Stern to Greenbaum, and letter from Greenbaum to Stern, which are on file as exhibits for identification."

The letters had previously been offered in evidence and excluded by the court upon objection by counsel for respondent. They consist of an office copy of a letter of inquiry which appellant had mailed to Albert at Vancouver, where Albert then resided, and Albert's reply thereto, relating to the claims made by respondent touching the existence and terms of the contract. Plainly the facts stated in these letters, thus sought to be shown, were material, the only serious question being, Are these extra judicial statements of Albert admissible as tending to prove such facts? We have seen that respondent claims under an agreement to which Albert was a party as well as himself and appellant. If such an agreement were in fact made, Albert would, of course, be benefited by its performance and injured by its nonperformance, because he had parted with his goods, according to re-

spondent's story, in part consideration at least of appellant's promise to pay his debt to respondent. So that when Albert disclaims the making of that agreement and, in effect, all benefit thereof, he is making an admission against his own interest, and such admission relates to an agreement which, according to respondent's story, both he and Albert have a common interest in the performance of by appellant; for by such performance not only would respondent receive. payment of his claim, but Albert would also thereby be relieved from the obligation of paying it. The rule as to the admissibility of evidence of admissions by one person as against another, where the question at issue is one in which both have a common interest, is well stated in 1 R. C. L. 485 as follows:

"The declarations of one person may be rendered admissible against another by virtue of the existence between them of a common interest; and this common interest exists, as a rule, whenever parties act jointly, or whenever they have joint rights or interests."

Among the authorities from which this rule is deduced, we note the following: *Deming v. Carrington,* 12 Conn. 1, 30 Am. Dec. 591; *Fickett v. Swift,* 41 Me. 65, 66 Am. Dec. 214; *Shaddock v. Town of Clifton,* 22 Wis. 110, 94 Am. Dec. 588; *United American Fire Ins. Co. v. American Bonding Co.,* 146 Wis. 573, 131 N. W. 994, 40 L. R. A. (N. S.) 661; *McShane v. Howard Bank,* 73 Md. 135, 20 Atl. 776, 10 L. R. A. 552. We do not say that these claimed admissions made by Albert are conclusive against respondent, but only that they are admissible as tending to show no contract of the nature claimed by respondent, and upon which he relies, was ever made. We conclude that the court was in error in excluding this offered evidence.

It was attempted to be shown by the testimony of the appellant himself that, shortly after he received the proceeds of the goods which were shipped to him from Anacortes in December, 1911, he paid the same over to a creditor of Albert whose claim he held as attorney for collection, in pursuance

of an agreement made with Albert, in pursuance of which agreement this shipment of goods was made from Anacortes to appellant. The making and terms of this agreement were also sought to be shown. This testimony was excluded by the court upon objection of counsel for the respondent, and this is claimed to be erroneous. We think this testimony was admissible as tending to show that no contract of the nature claimed by respondent had ever been made. The offered testimony was, in effect, an attempt to dispute the making of any such contract, by showing that another contract had been made and executed wholly inconsistent with the one under which respondent claims. *Peterson v. Seattle Traction Co.*, 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586; *Kain v. Sylvester*, 62 Wash. 151, 113 Pac. 573; *Simila v. Northwestern Improvement Co.*, 73 Wash. 285, 131 Pac. 831. We conclude that the exclusion of this offered testimony was erroneous.

Some contention is made in appellant's behalf that the alleged contract relied upon by respondent is void because of the statute of frauds, the theory being that it is simply an oral agreement to answer for the debt of another. We are of the opinion, however, that, according to respondent's complaint and the testimony introduced in his behalf, the promise to pay the debt by appellant was an original promise and based upon sufficient consideration to render it unaffected by the statute of frauds. 20 Cyc. 174; *Howell v. Harvey*, 65 W. Va. 310, 64 S. E. 249, 22 L. R. A. (N. S.) 1077. We conclude, therefore, that appellant was not entitled, as a matter of law, to have judgment in his favor upon this ground of contention.

Contention is also made that the evidence was such as to entitle appellant to judgment, as a matter of law, upon the question of the making of the contract as claimed by respondent. A careful review of the evidence, however, convinces us that this contention is not well founded, in view of

the testimony of respondent and his witnesses. Plainly the case could not have been properly taken away from the jury upon the ground that the facts were conclusive in appellant's favor on the question of the making of the contract sued upon.

We are of the opinion that appellant is entitled to a new trial. The judgment of the superior court is reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

MAIN, HOLCOMB, and BAUSMAN, JJ., concur.

MORRIS, C. J. (concurring)—I concur in the result, upon the ground that the exclusion of the evidence as to the payment of the proceeds to a creditor of Albert Greenbaum as showing an inconsistent contract was error.