[Civil No. 2190.  Filed June 6, 1924.]

[226 Pac. 530.]

T. J. ALLEN, LILLY D. ALLEN, CURTIS E. MIL-LER, and LULA L. MILLER, Appellants, v. MARY L. GREENE and WILLIAM H. GREENE, Appellees.

VENDOR AND PURCHASER—VENDOR HELD NOT REQUIRED TO PAY MORT-GAGE SO THAT PAYMENTS TO PURCHASER UNDER EXECUTORY CON-TRACT OF SALE COULD BE MAINTAINED.—Vendor, selling land en-cumbered with a mortgage, and subject to an executory contract of sale assigned in connection therewith, and on which pay-ments were due and unpaid, was not required to pay mortgage to prevent foreclosure so that payments under the executory con-

See 27 R. C. L. 513, 515.

tract of sale could be maintained, where purchaser got what the contract assumed to convey, and it did not impose upon vendor obligation of paying mortgage or any part of it.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Fred C. Struckmeyer, Judge. Affirmed.

Messrs. Cheatham & Ray, for Appellants.

Mr. John W. Pruitt, for Appellees.

LYMAN, J.—This appeal is from a judgment upon an order sustaining a demurrer to the complaint, upon the ground that it failed to state a cause of action.

The complaint in effect alleges that the plaintiff Allen, in exchange for other property, bought from the defendant Greene a tract of farm land, the sale being evidenced by a warranty deed, and by another contract in writing, dated January 29, 1921, specifying in detail the terms and conditions of the sale and the encumbrances upon the property involved. The deed conveyed subject to a mortgage of $27,000 covering the entire tract, and an executory contract of sale from defendant Greene to one Skoknick of a portion of the tract. The contract, among other things, specified that the $27,000 mortgage matured $6,000 in December, 1920, $6,000 in December, 1921, and the balance in subsequent years. The Skoknick contract provided for the payment of $10,000 in cash, already paid to Greene; $6,000 in December, 1920; $6,000 in December, 1921, and the balance in subsequent years.

The Skoknick contract was assigned to Allen along with the conveyance of the land. Neither the installment due upon the mortgage in December, 1920, nor the installment due from Skoknick in the same month, were ever paid. The mortgage was foreclosed, and

See **39 Cyc.** 1632.

the entire tract of land sold to satisfy the judgment of foreclosure.

It will be noted that both these payments, one upon the mortgage, and one upon the Skoknick contract, were due and unpaid at the time of the conveyance from Greene to Allen, and the assignment of the Skoknick contract in connection therewith. By the foreclosure of the mortgage Skoknick's consideration for further payments was lost, and the Skoknick contract, which had been assigned to the plaintiff, became valueless.

Plaintiff's position seems to be that the defendant, her assignor of this contract, should have paid the mortgage, or at least that portion of it already due; so that the obligation of Skoknick to meet his payments under the contract would have been maintained.

The appellant undertakes to bring his case within the proposition of law that an assignor of a chose in action impliedly guarantees that the instrument assigned is a valid and enforceable obligation. He cites many cases to maintain that doctrine, about which there is probably no dispute. But the facts of this case fall far short of coming within the operation of that principle. There was no legal infirmity in the Skoknick contract of purchase. It was what it purported to be. The plaintiff got what the contract assumed to convey to her. She bought the tract of land affected by both the mortgage, which her contract of purchase fully describes with the payments and the time of their maturity, and subject to the Skoknick contract, which was also described in her contract with its payments and the time of their maturity; and she also bought the Skoknick contract, which was likewise subject to the payments and the perils of the mortgage. In common parlance she stepped into the shoes of her grantor, taking whatever assets the grantor assumed to sell, but taking them subject to the liabilities expressly encumbering them.

The foreclosed mortgage was no greater, and no different, and matured no earlier, than the mortgage assumed by the plaintiff. The contract which defines the rights of both these parties did not impose upon the defendant the obligation of paying this mortgage or any portion of it. On the contrary, the plaintiff took the land subject to the mortgage. She likewise took the assignment of the Skoknick contract as it was, affected by the same mortgage. The plaintiff is not in a position to ask the court to impose upon the defendant a burden which her contract does not provide for.

The court committed no error in sustaining the demurrer. The judgment will be affirmed.

McALISTER, C. J., and ROSS, J., concur.