[Civil No. 2705.   Filed May 14, 1928.]

[267 Pac. 598.]

L. L. STEWARD, Appellant, v. WARREN L. SIR-RINE, Appellee.

Mr. Albert R. Smith, for Appellant.

Mr. M. L. Ollerton and Mr. G. A. Rodgers, for Appellee.

LOCKWOOD, J.—Warren L. Sirrine, hereinafter called plaintiff, brought suit against Pearl Rigdon

and J. S. Rigdon, her husband, and L. L. Steward, for the sum of $750 and interest. The material allegations of the complaint read as follows:

"That heretotore, to wit, on the 17th day of January, 1923, the plaintiff entered into a written agreement with Pearl Rigdon for the purchase and sale of the following described premises, to wit: . . .

"That in and by said agreement the said Pearl Rigdon agreed to purchase and pay for said premises the sum of forty-two hundred ($4,200) dollars in manner as follows:

"Twenty-four hundred dollars by the assumption and payment of a certain mortgage then of record in favor of John E. Dublin, and the balance to wit, sixteen hundred fifty ($1,650) dollars in installments of $50 each on the 1st of each and every month beginning February 10th, 1923, until payment in full, with interest at the rate of 8 per cent. from January 17th, 1923, payable monthly.

"That said agreement was placed in escrow with the Phoenix Title & Trust Company, together with deed for delivery on completion of payment. That the said Pearl Rigdon and J. S. Rigdon, her husband, on said 17th day of January, 1923, entered into possession of said premises under and by virtue of said agreement. That this plaintiff has performed all promises and agreements on his part in said contract contained fully and truly in every particular.

"That thereafter the said L. L. Steward purchased said premises from the said Pearl Rigdon and husband, and among other considerations for said transfer agreed to pay said mortgage and the balance due to this plaintiff from the said Pearl Rigdon. That thereupon the said L. L. Steward entered into possession of said premises under and by virtue of said agreement and transfer and is now and ever since the date of said purchase by him has been in possession of and enjoying the proceeds and profits of said premises."

There was a further allegation that $750 was still due and payable on the contract, and a prayer for proper relief.

The Rigdons filed an answer admitting in substance the allegations of the complaint, but claiming that plaintiff had agreed to release them from any further liability on their contract of purchase, accepting Steward as the only debtor. Steward demurred generally to the complaint, and answered, denying that he had agreed to pay either the mortgage, which he admitted existed on the land in question, or the balance due plaintiff from the Rigdons, and set up as a separate defense that the mortgage referred to in the complaint had been foreclosed in June, 1925, and the property sold under such foreclosure, and that by reason of such foreclosure plaintiff was unable to make a conveyance of the premises and could not give title thereto. Plaintiff moved to strike that portion of Steward's answer referring to the foreclosure of the mortgage. Steward's demurrer to the complaint was overruled, while plaintiff's motion to strike was granted, and the matter went to trial before a jury, which returned a verdict in favor of plaintiff against all of the defendants in the sum of $681.67, with interest. After the usual motion for new trial was made and overruled, defendant Steward appealed to this court, no appeal being taken by the Rigdons.

There are six assignments of error which we will consider in their order. The first, while setting up several matters, is based substantially on the proposition that the complaint did not allege any ownership of the lands in question by plaintiff. It is urged that before one can sue on a contract for the sale of real estate he must own an interest in the land, and before he can make proof of such ownership he must allege it in his complaint. The ownership of land is as a matter of law not a necessary prerequisite to the validity of a contract such as is set up in this case. If the vendor is able to make a good title at the time stipulated for, he may not only

maintain an action at law for damages for a breach by the purchaser, but may also sue to compel specific performance by the latter and recover the agreed consideration, and he is in default under such a contract only when the vendee has performed his part of the contract and made demand for a title which the vendor is unable to furnish. *Hanson* v. *Fox,* 155 Cal. 106, 132 Am. St. Rep. 72, 20 L. R. A. (N. S.) 338, 99 Pac. 489; *Filley* v. *Duncan,* 1 Neb. 134, 93 Am. Dec. 337; *Krhut* v. *Phares,* 80 Kan. 515, 103 Pac. 117.

Further, the complaint alleged that Steward took possession of the premises under the Rigdon contract. If such was the case he could not dispute plaintiff's title while holding possession under such contract, and the complaint was not demurrable for failure to set up title in plaintiff. *Union Stave Co.* v. *Smith,* 116 Ala. 416, 67 Am. St. Rep. 140, 22 South. 275; *Page* v. *Bradford-Kennedy Co.,* 19 Idaho 685, Ann. Cas. 1912C 402, 115 Pac. 694.

This disposes of the first assignment of error.

The second assignment raises the most serious question in the case. It is insisted the contract relied upon by plaintiff as establishing a liability on the part of Steward, according to the evidence, if it existed at all, was an oral one, and it is urged that a contract of this nature is within three subdivisions of paragraph 3272, Revised Statutes of Arizona of 1913, Civil Code, which reads as follows:

"3272. No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the parties to be charged therewith, or by some person by him thereunto lawfully authorized: . . .

"(2) To charge any person upon a promise to answer for the debt, default or miscarriage of another; or, . . .

"(5) Upon any agreement which is not to be performed within the space of one year from the making thereof; . . .

"(6) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged. . . . "

It is contended by plaintiff, however, that the contract in question does not come under the provisions of either one of the quoted subdivisions of paragraph 3272, *supra*. The particular contract alleged in the complaint upon which it is sought to establish the liability of Steward is in substance that Steward purchased from the Rigdons their interest in the premises in question and agreed orally to pay, among other considerations, the Dublin mortgage and the balance due plaintiff from the Rigdons. The uncontradicted evidence in the case shows that Steward did agree to assume the Dublin mortgage and make the payments under the Sirrine-Rigdon contract, and that in consideration thereof Mrs. Rigdon executed a quitclaim deed in his favor to the premises in question and he went into possession thereunder. On this state of facts we think there is no doubt that the contract is not within subdivision 6 of paragraph 3272, *supra*. As was well stated in the case of *Atchison, T. & S. F. Ry. Co.* v. *English*, 38 Kan. 110, 16 Pac. 82:

"The defendant further says that plaintiff cannot recover upon a verbal contract for the sale of lands. This was not a contract within the statute of frauds. *It was not a contract for the sale of lands; it was the sale itself. The contract was perfected by giving the deed.* . . . There is no provision of our statute which precludes a recovery for the price of lands actually conveyed, even though the agreement con-

cerning the price be oral. [Citing cases.]'' (Italics ours.)

The record shows that Mrs. Rigdon purchased the real estate as her separate estate, so her deed would convey all the interest acquired through her contract with plaintiff.

Neither was the agreement within subdivision 2. Steward did not agree that he would guarantee the debt of another, but made that debt his own as one of the considerations of his contract. The rule has frequently been announced that where the leading object of a party promising to pay a debt which was originally that of another is to protect his own interest and not to become the other's guarantor, and such promise is made upon sufficient consideration, it is valid although not in writing. *Tevis* v. *Savage,* 130 Cal. 411, 62 Pac. 611; *Burson* v. *Bogart,* 49 Colo. 410, 113 Pac. 516; *Greenbaum* v. *Stern,* 90 Wash. 156, 155 Pac. 751; 27 C. J. 161.

Nor was it within subdivision 5, *supra.* The agreement alleged was to assume the payments required by the Rigdon-Sirrine contract. Under its terms the Rigdons were to pay $50 *or more* per month until the contract was fully paid out. It was therefore optional with Steward as to whether or not he should fully complete his contract within the year, and such an agreement is not within the statute. *Moore* v. *Fox,* 10 Johns. (N. Y.) 246, 6 Am. Dec. 338; *Walker* v. *Johnson,* 96 U. S. 429, 24 L. Ed. 834; *Langan* v. *Iverson,* 78 Minn. 299, 80 N. W. 1051; *Seddon* v. *Rosenbaum,* 85 Va. 928, 3 L. R. A. 337, 9 S. E. 326.

The third assignment is to the effect that the only remedy of plaintiff for a default of payments was to retain the money already paid under the contract. This apparently is based upon the provision of the escrow instructions given to the Phoenix Title & Trust Company when the warranty deed from Sir-

rine to Mrs. Rigdon was placed with it. This clause reads as follows:

"Should the grantee fail to deposit within the time specified all the money above provided to be paid by the grantee, you are authorized to deduct from the money deposited by grantee hereunder all charges incurred and advances made, and pay to the grantor the remainder of the amount deposited by the grantee in full satisfaction of all claims of any and every nature, of the grantor against the grantee."

The original agreement between Sirrine and the Rigdons, however, provided as follows:

"It is further agreed that time is the essence of this contract and in the event of default in payment of any of the payments herein provided to be paid promptly when same become due and payable, or in the event of a failure of the party of the second part promptly to comply with any of the terms hereof, then the said party of the first part shall be relieved from all obligations in law or equity to convey said property, and *at the option of said party of the first part,* the said party of the second part shall forfeit all right thereto, and all interest of the party of the second part in and to said lands by reason of this agreement, shall thereupon cease and determine, and all moneys theretofore paid under the terms of this agreement shall be forfeited to and retained by said party of the first part." (Italics ours.)

It will be seen that the agreement which Steward promised to carry out left it optional with Sirrine as to whether he would claim a forfeiture or insist on performance of the contract. The escrow instructions merely authorize the trust company to pay over the money to the grantor if he exercises his option of forfeiture, and in this case Sirrine has elected to stand on the agreement rather than to enforce the forfeiture.

The fourth assignment is based upon the theory that there was no privity of contract between Stew-

ard and Sirrine, and therefore the latter could not enforce the contract alleged to have been made between the Rigdons and Steward. We think it is the well-settled rule of law that where one person agrees with another, on a sufficient consideration, to do a thing for the benefit of a third person, the third person may enforce the agreement, and it is not necessary that any consideration move from the latter. It is enough if there is a sufficient consideration between the parties who make the agreement. *Tweeddale* v. *Tweeddale,* 116 Wis. 517, 96 Am. St. Rep. 1003, 61 L. R. A. 509, 93 N. W. 440; *Ransdel* v. *Moore,* 153 Ind. 393, 53 L. R. A. 753, 53 N. E. 767; 6 R. C. L. 882, 883. The contract between the Rigdons and Steward having been made upon a sufficient consideration and for the benefit of the plaintiff, the latter could sue thereon.

The fifth assignment is that the court should not have stricken the affirmative defense of Steward. This defense was in effect that plaintiff had knowingly allowed the Dublin mortgage to be foreclosed and thereby lost the power to deliver a good title to Steward, and that therefore he could not enforce a performance by Steward of his agreement to complete the payments. In support of this contention counsel has cited the case of *Allen* v. *Greene,* 26 Ariz. 435, 226 Pac. 530. We are of the opinion that the case cited does not sustain this contention. Therein the court says:

"The plaintiff got what the contract assumed to convey to her. She bought the tract of land affected by . . . the mortgage. . . . In common parlance she stepped into the shoes of her grantor, taking whatever assets the grantor assumed to sell, but taking them subject to the liabilities expressly encumbering them. . . . The plaintiff is not in a position to ask the court to impose upon the defendant a burden which her contract does not provide for."

Sirrine contracted to sell Rigdon the land, subject to the Dublin mortgage. Steward bought only Rigdon's rights under her contract, having knowledge actual and constructive of the mortgage. He therefore cannot ask the court to compel Sirrine to deliver a better title than the contract called for, and his defense of a foreclosure of the mortgage was immaterial and properly stricken.

The sixth assignment refers to the giving of a certain instruction by the trial court. It is not necessary to quote it as we think it correctly stated the law applicable to the facts as they appear in the evidence.

The record appearing to be free from error, the judgment of the trial court is affirmed.

ROSS, C. J., and McALISTER, J., concur.