[No. 25010. Department Two. August 15, 1934.]

R. H. WILSON, *Respondent*, v. WASHINGTON CONCRETE PIPE COMPANY *et al., Appellants.*[1]

*Dey, Hampson & Nelson* and *John F. McCarthy,* for appellants.

*Imus & Imus* and *Atwell & Moore,* for respondent.

[1] Reported in 35 P. (2d) 71.

BLAKE, J.—This is an action arising out of a collision which occurred between nine and nine-thirty one night on the Pacific highway. Plaintiff, driving north in a Chevrolet coupe, collided head-on with a truck going south. The truck belonged to defendant Collins Concrete Pipe Company, but at the time was being operated by Washington Concrete Pipe Company. The negligence charged was that, as the cars approached each other, the driver of the truck got on the wrong side of the highway. The defendants charged contributory negligence, in that the plaintiff was drunk and driving in a reckless manner, and that, as the cars approached each other, he got on the wrong side of the highway.

Each (the plaintiff and the driver of the truck) testified that he was on the right side and that the other was driving on the wrong side of the road. The only person who saw the collision was the driver of a car following plaintiff's. He testified that, when the cars were about one hundred fifty feet apart, they both started angling toward each other, and met in the middle of the road. The cars came to a stop head-on. The front end of the truck extended four or five feet onto what to it was the *wrong* side of the highway.

The jury returned a verdict for plaintiff. From judgment entered thereon, defendants appeal.

The assignments of error raise three questions: First, the admissibility in evidence of a certain letter; second, the refusal of the trial court to give an instruction requested by appellants; third, the liability of Collins Concrete Pipe Company.

I. A cause of action was set up in the complaint for damages to the car respondent was driving. It was alleged that the car belonged to Ray Skillings, and that he had assigned his cause of action to respondent.

Prior to the accident, the car had been in the possession of Roy Skillings, who lived six or eight miles south of Kelso, just off the Pacific highway. Respondent had gone there and gotten the car just a few minutes before the collision occurred. Ray Skillings lived at Randle, some ninety miles from there. Respondent had spent the day of the accident at Randle. Respondent left Randle about four o'clock that afternoon. Before leaving, he expressed the intention of going to Roy Skillings' place to get the car.

The letter in question was written by Ray Skillings, and addressed to his brother Roy, just prior to respondent's departure from Randle. (The letter was not delivered until the following day, but this is not material to the question presented.) The letter is as follows:

"Sunday, May 22-32. Randle, Wn.
"Dear Brother Roy:
"Well some more hard luck. The main bearings on your truck is burned out. And I am sending this letter down by Bill Blair to you. I'll go ahead and finish tacking it down and you come and bring my car as soon as you can so we can take the block out of the truck in town to get it fixed. Whatever you do for land sakes don't let Willson have the car. If ma is too sick send Paul Brook up, but don't let Willson have it. I would go back with Blair, but Lottie and Ole and Willson is going back with him and they are all drunk but Blair. Been going strong all day. Well it's 5 o'clock now and Blair is about ready to do. If Bill mails this tonight as he says he will you will get it in the morning. Be sure and come if you can. (Hope ma is better.)      As ever
                                        Ray Skillings
P. S. Don't let Willson have the (my) car."

Appellants urge that the letter was competent as the declaration against interest of one beneficially interested in the litigation, citing *Kinnane v. Conroy*,

52 Wash. 651, 101 Pac. 223, and *Greenbaum v. Stern,* 90 Wash. 156, 155 Pac. 751. Under the rule, there can be no question but that the letter was competent as against Ray Skillings, since he was the real party in interest with respect to damages to the car. Furthermore, it may be conceded that it would have been competent as against the respondent had he had any interest in the car, or in any recovery on account of damages to it.

Appellants contend that respondent did have an interest in the car, and that the letter was, therefore, admissible against him. We do not think the record bears out this contention. The complaint alleged that the car belonged to Ray Skillings. Respondent attempted to prove he had an interest in it, but, upon objection by appellants, the court held respondent to the allegation of the complaint. Appellants throughout the trial maintained, and successfully sustained, the position that respondent had no interest in the car.

Appellants contend that, in any event, the letter was admissible as against Skillings. The difficulty with this contention is that Skillings, called as a witness by appellants, made substantially the same statements on the witness stand as those contained in the letter. It is elementary that a party cannot corroborate the testimony of his own witness by evidence of declarations of similar import made by the witness on other occasions, unless the credibility of the witness has been attacked. 6 Jones on Evidence (2d ed.) § 2456. The letter was properly rejected.

II. Appellants requested an instruction, which the court refused to give, to the effect that if the respondent was driving at a careless, reckless rate of speed, or in a reckless manner, or if he was under the influence of intoxicating liquor, or if he drove on the

wrong side of the road, he was guilty of contributory negligence. The instructions given by the court fairly and sufficiently covered all phases of the requested instruction, except the first, namely, the rate of speed at which respondent was going. This phase of the request was properly refused for two reasons: First, the undisputed evidence was to the effect that respondent was traveling at a rate not to exceed thirty-five miles per hour. This was within the speed limited by law. There is no indication in the record of any condition that would make it negligent to drive at such rate under the circumstances. Second, the accident was the proximate result of one or the other driver getting on the wrong side of the road. If each had kept on his own side of the road, the collision would not have occurred, no matter at what rate of speed the cars were moving. Since the rate of speed was in no sense a proximate cause of the collision, the requested instruction was properly refused. *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684; *McKinney v. Seattle,* 139 Wash. 148, 245 Pac. 913.

III. Appellant Collins Concrete Pipe Company challenges the sufficiency of the evidence to make a case for the jury as against it. The evidence shows that this appellant was an Oregon corporation, engaged in the business of manufacturing and selling concrete pipe; that its principal place of business was in Portland, where it maintained its offices; that for some years prior to February, 1932, it had done an extensive business in the state of Washington, particularly in connection with the construction of state highways; that in the month mentioned, the appellant Washington Concrete Pipe Company was organized, for the purpose of obtaining and handling such business in the state of Washington; that J. J. Collins was president of the Oregon corporation, and vice-pres-

ident of the Washington corporation; that Ray Collins was president of the Washington corporation, and vice-president of the Oregon corporation; that the secretary-treasurer of the Oregon corporation was the bookkeeper of the Washington corporation; that the accounts of both corporations were kept in the Portland office; that the employees of both corporations were identical; that the time of employees was charged to the Oregon corporation when they were working in that state, and to the Washington corporation when they were working in the latter state; that the truck in question was owned by Collins Concrete Pipe Company and rented to Washington Concrete Pipe Company; that the truck was kept in the garage of the Collins Concrete Pipe Company in Portland; that the morning of the accident (as was usual), the driver's day began when he took the truck from the garage at Portland; that until he crossed the Columbia river into Washington, his time was charged to the Collins Concrete Pipe Company, and thereafter to Washington Concrete Pipe Company.

The court instructed the jury to the effect that, if they found that Washington Concrete Pipe Company was a mere instrumentality or conduit through which Collins Concrete Pipe Company conducted its business in Washington, the latter company would be liable. We think, under the rule of *Platt v. Bradner Co.*, 131 Wash. 573, 230 Pac. 633, the evidence was sufficient to warrant the jury in finding that Washington Concrete Pipe Company was "used as a mere agency or instrumentality" of Collins Concrete Pipe Company, and in holding the latter company liable, as well as the Washington Concrete Pipe Company.

Judgment affirmed.

BEALS, C. J., GERAGHTY, TOLMAN, and HOLCOMB, JJ., concur.