[Cite as *Holloway v. Bucher*, 2018-Ohio-3301.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


Janet Holloway                                    Court of Appeals No. WD-18-014

      Appellant                               Trial Court No. 2017-CV-0115

v.

Suzanne Bucher, et al.                     **DECISION AND JUDGMENT**

      Appellees                               Decided:  August 17, 2018

* * * * *

Cory B. Kuhlman, for appellant.

John C. Filkins, for appellee Suzanne Bucher.

* * * * *

**JENSEN, J.**

## I.  Introduction

**{¶ 1}** This is an accelerated appeal from the judgment of the Wood County Court of Common Pleas, granting summary judgment to appellees, Suzanne and William Bucher, and dismissing appellant's, Janet Holloway, claim for breach of contract.

Because the oral agreement alleged in the complaint is barred by the statute of frauds, we affirm the trial court's grant of summary judgment to appellees.

## A. Facts and Procedural Background

{¶ 2} On February 27, 2017, appellant filed a complaint with the trial court in which she alleged that appellees owed her $60,059.70 stemming from a loan that appellees received on January 1, 2004. According to the complaint, appellant orally agreed to loan appellees a total of $163,800 at an annual interest rate of 1.5 percent. The loan was provided to appellees in two installments. The first installment of $6,800 was provided to appellees on January 15, 2004. The first installment was used to pay off a home equity loan in order to facilitate the sale of appellees' residence (the "old residence"). Two weeks later, appellant loaned appellees the remaining $157,000 to fund appellees' purchase of another residence (the "new residence").

{¶ 3} Pursuant to the terms of the oral agreement, appellees were obligated to make monthly payments in the amount of $300 until they sold their old residence. Once the old residence was sold, the monthly payment was to increase to $500. Pursuant to the agreement, appellees made monthly payments of $300 until they sold the old residence in August 2004. Appellees profited $63,025.50 from the sale of the old residence. This profit was applied to the balance of the loan at issue in this case, and appellees subsequently commenced making monthly payments of $500.

{¶ 4} Beginning in February 2013, appellees ceased making monthly payments. According to the record, appellant granted Suzanne, her daughter, a forbearance from

2.

making monthly payments due to Suzanne's loss of her job. The parties disagree as to the nature of this forbearance. Suzanne understood that the remaining balance of the loan was forgiven. Appellant insists that the forbearance was temporary, and that payments were to resume once Suzanne's financial condition improved.

{¶ 5} According to her deposition testimony, appellant demanded a continuation of monthly payments from appellees once she concluded that Suzanne was not making a good faith effort to secure meaningful employment. When appellees failed to resume monthly payments on the oral agreement, appellant filed the aforementioned complaint with the trial court, alleging one claim for breach of contract.

{¶ 6} Approximately one month after appellant filed her complaint, appellees filed a motion to dismiss, in which they argued that appellant's breach of contract claim should be dismissed because the agreement was unenforceable under R.C. 1335.05, the statute of frauds, because it could not be completed within a period of one year.

{¶ 7} Upon its consideration of the allegations contained in appellant's complaint, the trial court denied appellees' motion to dismiss on April 27, 2017. Because appellant alleged that the $300 and $500 monthly payments were *minimum* payments, the court found that the loan could have been repaid before the expiration of the one-year period and, therefore, the agreement fell outside the statute of frauds.

{¶ 8} The matter then proceeded through discovery until appellees filed a motion for summary judgment on December 7, 2017. Appellant filed her own motion for summary judgment the following day.

3.

**{¶ 9}** In appellees' motion for summary judgment, they reasserted their statute of frauds argument. In support of their argument, appellees referenced the deposition testimony from appellant and Suzanne that revealed that the monthly payments contemplated by the parties were not minimum payments, and that early payoff of the loan was not a term of the oral agreement. At a rate of $500 per month, appellees noted that the loan would not have been repaid within one year of the date of the oral agreement. As such, appellees contended that the oral agreement was unenforceable under R.C. 1335.05.

**{¶ 10}** In response, appellant asserted that the agreement could have been completed within one year if appellees repaid the loan early. Appellant pointed to her acceptance of appellees' lump sum payment of $63,025.50 as evidence of the possibility of an early payoff. Further, appellant cited her deposition testimony, in which she stated that she would have accepted payments in excess of the required $500 monthly payments, and would have allowed appellees to pay off the balance of the loan at any time. Additionally, appellant contended that the statute of frauds should not be applied here given the parties' partial performance under the agreement.

**{¶ 11}** On January 29, 2018, the trial court issued its decision on the foregoing motions for summary judgment. Relevant here, the court found that the parties' oral agreement could not be completed within one year because the parties agreed to monthly payments of $300 and $500, and did not contemplate increasing or decreasing the required monthly payments during the repayment period. Therefore, the court held that

4.

the agreement was unenforceable under R.C. 1335.05.  Thus, the court granted appellees' motion for summary judgment and denied appellant's motion for summary judgment.

{¶ 12} Thereafter, appellant filed her timely notice of appeal.

## B.  Assignments of Error

{¶ 13} On appeal, appellant asserts two assignments of error, as follows:

Assignment of Error No. 1: The Trial Court erred in its application of O.R.C. Section 1335.05 by failing to grant Plaintiff's Motion for Summary Judgment.

Assignment of Error No. 2: The Trial Court erred in its application of the standards of review when granting the Defendant's Motion for Summary Judgment in favor of Defendant Suzanne Bucher.

## II.  Analysis

{¶ 14} In appellant's first assignment of error, she argues that the trial court erred in granting appellees' motion for summary judgment upon the conclusion that the parties' oral agreement was unenforceable under the statute of frauds.  In her second assignment of error, appellant contends that the trial court misapplied the standard of review governing motions for summary judgment by failing to consider the evidence in a light most favorable to her as the nonmoving party.  We will address these assignments of error together.

{¶ 15} A motion for summary judgment is reviewed de novo by an appellate court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  "'When

5.

reviewing a trial court's ruling on summary judgment the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.'" *Baker v. Buschman Co.*, 127 Ohio App.3d 561, 566, 713 N.E.2d 487 (12th Dist.1998).

{¶ 16} In order to obtain summary judgment at the trial level,

> [I]t must be determined that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994), citing *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 65-66, 609 N.E.2d 144 (1993); see also Civ.R. 56(C).

{¶ 17} Here, appellant argues that the trial court erred in its application of R.C. 1335.05, which provides, in pertinent part:

> No action shall be brought whereby to charge the defendant * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

6.

{¶ 18} The foregoing provision "applies only to agreements which, by their terms, cannot be fully performed within a year; and not to agreements which may possibly be performed within a year." *Sherman v. Haines*, 73 Ohio St.3d 125, 127, 652 N.E.2d 698 (1995). "[T]hus, where the time for performance under an agreement is indefinite, or is dependent upon a contingency which may or may not happen within a year, the agreement does not fall within the Statute of Frauds." *Id.*

{¶ 19} Appellant urges, as she did before the trial court, that the statute of frauds should not apply here because the oral agreement could have been completed within one year if appellees repaid the loan early. Appellant cites her acceptance of appellees' lump sum payment of $63,025.50, as well as her deposition testimony that she would have accepted monthly payments in excess of $500, as evidence that the oral agreement included the possibility of an early payoff.

{¶ 20} An oral agreement similar to the one at issue here was examined by the Supreme Court of Ohio in *Sherman*, *supra*. In that case, the agreement required the defendant to pay $3,000 to plaintiff in monthly installments of $25. *Id*. at 125. When defendant failed to make the required monthly payments, plaintiff brought a breach of contract action. Defendant filed a motion to dismiss, which was subsequently granted by the trial court upon the finding that the agreement was subject to the statute of frauds because it could not be completed within one year. *Id*. at 126.

{¶ 21} Eventually, the matter proceeded to the Supreme Court of Ohio on a certified question as to whether "[a]n alleged oral agreement for the payment of

7.

installments is 'an agreement that is not to be performed within one year from the making thereof' pursuant to the R.C. 1335.05 Statute of Frauds when the installment payment obligation exceeds one year." *Id.* In addressing this issue, the court noted:

> Most courts that have been confronted with oral agreements to pay money in installments over a period of time in excess of one year, the terms of which either precluded an early payoff or were silent as whether the defendant could pay the entire debt at an earlier time, have held such agreements to be within the applicable one-year provision of the Statute of Frauds in their respective jurisdictions. Other than a single dissenting opinion in *Hendry v. Bird*, 135 Wash. 174, 185, 237 P. 317, 321 (1925), none of these courts has expressed the opinion that the potential for early payment amounts to a legal possibility of performance within one year sufficient to remove the agreement from the statute. In addition, those courts that have dealt with oral agreements similar to the agreement in the case sub judice, which do not specify the actual number of installment payments to be made but do provide for a periodic payment in such amount as would necessarily require more than a year to pay the entire obligation, have held such agreements subject to the statute. (Citations omitted.)
>
> *Sherman*, 73 Ohio St.3d at 127, 652 N.E.2d 698.

{¶ 22} The court in *Sherman* went on to acknowledge the existence of cases in which oral agreements to pay money in installments over a period of time in excess of

one year were held to fall outside the scope of the statute of frauds. *Id.* at 128. However, the court noted that the agreements in these cases provided for the possibility of an early payoff. *Id.*, citing *Steward v. Sirrine*, 34 Ariz. 49, 56, 267 P. 598 (1928). Because the agreement at issue required 120 monthly installment payments, and in light of the absence of any provision for early payoff within the agreement, the court found the agreement could not be completed within one year and was therefore unenforceable under R.C. 1335.05. *Id.* at 129.

{¶ 23} Similarly here, the evidence contained in the record demonstrates that the parties did not contemplate early payoff of the loan when the agreement was reached. Consequently, early payoff was not a term of the oral agreement. The fact that appellant accepted a large lump sum payment sometime after the agreement was reached is not relevant in ascertaining the terms of the agreement at its inception. Likewise, appellant's self-serving testimony that she would have accepted monthly payments that exceeded $500 is unavailing.

{¶ 24} The record demonstrates that the parties' agreement required monthly payments of $300 until appellees sold the old residence, and monthly payments of $500 thereafter. Although the term of the agreement was not specified, the amount of the monthly payments would necessarily require more than one year to pay the entire obligation. Thus, the parties' oral agreement is unenforceable under R.C. 1335.05.

{¶ 25} Notwithstanding the foregoing, appellant contends that the statute of frauds should not be applied here given the parties' partial performance of the oral agreement.

9.

{¶ 26} The doctrine of partial performance precludes the operation of the statute of frauds if the "acts of the parties * * * are such that it is clearly evident that such acts would not have been done in the absence of a contract and * * * there is no other explanation for the performance of such acts except a contract containing the provisions contended for by the plaintiff." *Hughes v. Oberholtzer*, 162 Ohio St. 330, 337-38, 123 N.E.2d 393 (1954). Notably, this doctrine has been limited in its application to "cases involving the sale or leasing of real estate, wherein there has been a delivery of possession of the real estate in question, and in settlements made upon consideration of marriage, followed by actual marriage." *Hodges v. Ettinger*, 127 Ohio St. 460, 189 N.E. 113 (1934), syllabus.

{¶ 27} Here, the agreement involved lending of money from appellant to appellees, not the sale or leasing of real estate or a settlement made upon consideration of marriage. Therefore, we agree with the trial court's conclusion that the doctrine of partial performance is inapplicable in this case. *See Kiser v. Williams*, 9th Dist. Summit No. 24968, 2010-Ohio-3390, ¶ 15 (concluding that although loan proceeds are used to fund the purchase of real estate, the agreement does not involve the sale or leasing of real estate where the borrower does not purchase the real estate from the lender).

{¶ 28} Because the agreement at issue in this case was not in writing and was not capable of being completed within one year, it is unenforceable under R.C. 1335.05. Moreover, the doctrine of partial performance does not preclude the application of the

10.

statute of frauds to the agreement. Therefore, the trial court properly granted summary judgment to appellees' on appellant's claim for breach of contract.

{¶ 29} Accordingly, appellant's assignments of error are found not well-taken.

### III.  Conclusion

{¶ 30} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.