LITTLE ROCK RAILWAY & ELECTRIC COMPANY *v.* GREEN.

## Opinion delivered March 3, 1906.

1. STREET-RAILWAY COLLISION—NEGLIGENCE—EVIDENCE.—In an action against a street-railway company to recover damages for injuries received in a collision with one of defendant's cars, it was not error to permit a witness to testify that he had a general knowledge of the speed at which defendant's cars usually ran, that the car which collided with the plaintiff's wagon was at the time running at the usual rate of speed that cars ran along that street, that they usually ran at a pretty good rate of speed there as it was down grade; such evidence tending to show whether defendant used proper care to avoid the collision. (Page 131.)

2. INSTRUCTION—REPETITION.—It was not improper to refuse to give an instruction that was sufficiently covered by another that was given. (Page 131.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. It was error to admit evidence of a witness to show his knowledge of the rate of speed of street cars on the various streets of the city. 187 Ill. 612; 63 App. Div. (N. Y.), 423; 36 Ore. 315; 58 Ark. 455; 6 Wash. 75; 19 Am. & Eng. R. Cas. 79; 93 Ill. App. 411; 96 Ill. App. 10; 78 Hun, 13; 75 S. W. 86. As a rule, it is for the witness to state the facts, and for the jury to draw the conclusions from the facts stated, and not from the opinion of the witness. 24 Ark. 255; 67 Ark. 375; 71 Ark. 304. Evidence that a car was moving at a "pretty good rate of speed," or "fast," is inadmissible because indefinite and uncertain. 103 N. W. 307.

2. It was error to modify the 4th instruction asked by appellant by striking out the first paragraph. 64 Ark. 423; Booth, Street Ry. Law, § 303.

*Mehaffy & Armistead,* and *Murphy & Lewis,* for appellee.

The testimony as to the rate of speed at which the cars were usually run was competent, as tending to show that defendant had fixed such rate as that its motorman was unable to avoid injuring plaintiff after discovering him on the track. 28 Minn. 103; 69 Ark. 289; 72 Ark. 572; 88 S. W. 1006. It was also competent to inquire of a witness, accustomed to observing the running and stopping of defendant's cars, how the car was running with reference to their usual rate, and within what distance they usually stopped them, and such testimony is not necessarily confined to experts. 59 Ark. 140; 62 Ark. 254; 17 Cyc. 105; 96 Ill. App. 10; 88 S. W. 648.

BATTLE J. Anderson Green sued the Little Rock Railway & Electric Company for $10,000 damages, alleging in his complaint "that on the fourth day of August, 1903, while traveling in a wagon drawn by two mules along North Cumberland Street and crossing East Markham Street, going south, he was negligently run into by one of the defendant's cars, said car striking the rear wheel of his wagon and breaking it and throwing plaintiff to the ground with such force as to break two ribs on his right side and bruise and injure him internally. That he was unable to do any work which required him to stoop over, had suffered great pain of body and mind, and was permanently injured, and was

put to expense in endeavoring to cure himself, towit: $55 doctor's bills and hospital fees, and other expenses for nursing to the amount of $45, and loss of business six weeks, $150.

"The answer denied the material allegations of the complaint, and alleged that, if the defendant had been injured in a collision with one of its cars, it was due to his own carelessness and negligence in driving his team across the track in front of an approaching car, without exercising reasonable care and prudence to protect himself."

Plaintiff recovered a judgment against the defendant for $500, the jury that tried the issues in the case having returned a verdict for that amount.

Plaintiff was injured, as alleged, while traveling in a wagon, drawn by two mules, along North Cumberland Street, and crossing East Markham Street, going south, in the city of Little Rock, by a collision with one of defendant's cars. Earnest Harper was allowed to testify, over the defendant's objections, "that he had seen the cars operated by the defendant on the various streets of the city of Little Rock, and that he had a general knowledge of the speed at which they usually ran; that the car which collided with the plaintiff's wagon was at the time running at the usual rate of speed that cars ran along East Markham Street; and that they ran at a pretty good rate of speed on East Markham between Scott and Cumberland streets, as it is down grade." We see no prejudicial error in allowing the witness to testify as he did. His knowledge of the speed at which cars of the defendant usually run on the streets of Little Rock could not have been of any effect, as he did not state the rate of speed. He stated that the car that struck plaintiff's wagon was running at the usual rate of speed cars travel along the street where the collision occurred, and that was a pretty good rate, as it is down grade there. The evidence was competent. It was admissible, in connection with other facts, for the purpose of showing whether the defendant used proper care to avoid the collision. It (the defendant) could have shown the rate of speed at which the car was moving, and did, by one witness, to be nine miles an hour.

The defendant asked the court to instruct the jury as follows:

"You are instructed that the street car has, and from the

necessities of the case must have, a right of way upon that portion of the street upon which alone it can travel, paramount to that of ordinary vehicles; but this superior right of way does not prevent others from driving along or across its tracks at any place or at any time when by so doing they will not interfere with the progress of the cars.

"If the employees of a street railway company in charge of its car see a person driving upon the street along by the side of the car track, and in the direction from which the car is approaching, they have a right to rely on human experience, and presume that he will act upon principles of common sense and the motive of self-preservation common to mankind in general, and will not attempt to cross the track in front of the approaching car, and may go on without checking the speed of the car until they see he is likely to go upon the track in front of the approaching car, when it would become their duty to give extra alarm by bell or gong, and, if that is not heeded, then, as a last resort, to check its speed, or stop the car, if possible, in time to avoid the accident."

The court struck out the first paragraph, and gave the second. No reversible error was committed by striking out the first paragraph. The second contained all the information in the instruction that was important for the jury to know.

The evidence was sufficient to sustain the verdict.