[No. 19680.  Department Two.  May 12, 1926.]

ARTHUR J. MCKINNEY et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

[1] MUNICIPAL CORPORATIONS (384, 392)—COLLISION BETWEEN STREET CAR AND AUTOMOBILE—LAST CLEAR CHANCE—INSTRUCTIONS. Error cannot be assigned upon refusing instructions on the last clear chance of a street car conductor to avoid a collision with an automobile, claimed to have been stalled on the track, where the jury in a special verdict found that the automobile was not stalled on the track and that its driver had ample opportunity to drive off the tracks before the collision.

[2] SAME (383)—COLLISION IN STREET—CONTRIBUTORY NEGLIGENCE. In an action for injuries sustained in a head-on collision between a street car and an automobile, error cannot be predicated upon the refusal of requested instructions as to an ordinance regulation as to speed, where the accident would have happened regardless of such speed.

[3] EVIDENCE (191)—OPINION—EVIDENCE—RATE OF SPEED. It is not error to permit a frequent passenger on street cars to testify that the street car was not going faster than usual.

Appeal from a judgment of the superior court for King county, Hawkins, J., entered April 23, 1925, upon the verdict of a jury in favor of defendant, in an action for personal injuries. Affirmed.

[1]Reported in 245 Pac. 913.

*Thomas J. Casey* and *Morris & Dubuar,* for appellants.

*Thomas J. L. Kennedy* and *Arthur Schramm,* for respondent.

MITCHELL, J.—This is an action to recover damages for injuries caused by a collision of plaintiffs' automobile, in which they were riding, and a street car operated by the city of Seattle. The plaintiffs have appealed from a judgment on the verdict of the jury in favor of the city.

The collision occurred about one o'clock at night on 8th Avenue, south. The avenue runs north and south and is straight some considerable distance each way from the scene of the collision. The automobile was going south, the street car was going north.

It was the claim of the appellants, in their pleading and proof, that another automobile going north dashed rapidly diagonally across the street in front of them and that, to avoid a collision, appellants turned their automobile to the left onto the street car track, at which time their engine died, and that the street car approaching at an excessive rate of speed from the south ran into the automobile. Mrs. McKinney, the only one of the appellants who testified at the trial, admitted that the gong of the street car was sounded an appreciable distance before reaching the place at which the collision occurred.

The pleading and proof on behalf of the city was that the street car was going within the speed limit of twenty miles per hour; that the motorman of the street car first noticed the approaching automobile several hundred feet away, at which time it was traveling at an excessive rate of speed over near the westerly curb of the street; that shortly the automobile took and continued its course on the street car track; that, when within

about one hundred and fifty feet of the automobile, he commenced and continued to sound the gong and slowed down to fifteen miles per hour; that, about twenty-five feet from the automobile, upon noticing the appellants did not turn off the car track, the motorman "dynamited" the street car and stopped it within a distance of forty to fifty feet; that the appellants, maintaining their excessive speed, attempted to change their course too late, the left front of the automobile striking the left of the center front of the street car; and that there was no other automobile on the street in the vicinity to interfere with the course of the appellants' car. The proof on behalf of both sides showed that the automobile and street car were using the usual headlights.

Besides the general verdict for the city, the jury, by special verdicts or answers to interrogatories, found (1) that the automobile of the appellants was not standing, but moving along the street car track when the collision occurred, and (2) that prior to the collision the appellants had time and opportunity to drive off the car track.

[1] On behalf of the appellants, it is argued that the instructions on the last clear chance were erroneous, that is, they contained qualifications and limitations prejudicial to the appellants. That portion of the instructions which relates to this point alone is very voluminous, and we think need not be set out in full. Considered altogether, not in detached portions as appellants would have us do, they are fair and sufficient. The jury was told that, if the peril of a driver of an automobile

". . . is actually discovered and should be appreciated by the operator of a street car, it is the duty of the operator of the street car to exercise reasonable care to avoid injury to said driver and the occupants of his automobile. Under the circumstances mentioned,

the failure of such operator to exercise such reasonable care, if it results in and is the proximate cause of injury to the driver and occupants of his car, will render a defendant liable, notwithstanding the negligence of the driver of the automobile continues up to the instant of the injury."

The jury was further told that the operator of a street car was responsible to the extent of keeping a reasonably careful lookout commensurate with the dangerous character of that agency and the nature of the locality, and then stated:

"If, therefore, from all the evidence, you find that the motorman on the car actually saw and appreciated the dangerous situation of the plaintiffs at a time when he, by the exercise of reasonable care, could have avoided the collision and injury, if any you find, then the defendant is liable, notwithstanding the fact that the negligence of plaintiffs, if you find them so negligent, continued up to the moment of the collision."

These are but a part of the many instructions given by the court on this subject, and which altogether, as already stated, were sufficient. But more than this, the special verdicts of the jury have deprived this case of any further importance with respect to the matter now complained of. Out of the conflict in the evidence, the facts were established in the judgment of the triers that the appellants' automobile was not stalled; that there was nothing to prevent them from turning off the car tracks, and that they had ample time and opportunity to do so. They had the choice to go as they pleased while the street car was confined to its track, as the appellants knew. The street car had the right of way.

[2] It is further claimed that error was committed in the instructions on contributory negligence and in refusing to give some that were requested on that subject including one to the effect that a speed less than the maximum fixed by the ordinance might be unrea-

sonable and excessive. We have examined those given, from which it appears that the subject was fully covered. Repetitions in this respect did not in all instances cover all that might have been said, but altogether, as instructions must be considered, they did correctly present the matter; while as to those refused they were not omitted in substance simply because of language employed by the court that differed somewhat from the words used in the requests. As to the request with reference to a speed of the street car less than the ordinance regulation there was no error in refusing to give it. The collision would have occurred if the street car had been moving as slowly as one mile an hour or if it had been still provided the appellants continued their course, as they did until the collision actually occurred. *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684. If any assumption is to be indulged in on such occasion where two such vehicles are approaching head-on, the street car has the advantage. Having the right of way and being confined to a fixed track, its driver may assume that the automobile, having time and opportunity to do so as the jury found in this case, will change its course so, as to avoid a collision, rather than the driver of the automobile assume that the driver of the street car will check or stop his car before reaching a point at which the driver of the automobile chooses to leave the street car track.

[3] Nor was there error in allowing a witness for the respondent, a passenger on the street car, who, in stating that he frequently rode on street cars and was able to speak on the subject, testified that the street car was not going faster than they usually do. All such testimony is but opinion upon a very common subject and, unless it possesses the quality of extravagance, is permissible. He showed his knowledge of the subject-matter and of course was subject to cross-examination.

Upon this subject such a witness may apply other standards than that of miles per hour. 22 C. J. 569. *Little Rock R. & Electric Co. v. Green,* 78 Ark. 129, 93 S. W. 752.

Judgment affirmed.

·TOLMAN, C. J., MACKINTOSH, MAIN, and PARKER, JJ., concur.