NUCKOLS *v.* FLYNN.

5-1548                                                 312 S. W. 2d 444

Opinion delivered April 28, 1958.

*Brockman & Brockman,* for appellant.

*John E. Hooker,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellant, Nuckols, and appellee, Flynn, entered into an oral agreement whereby Flynn would clear a tract of land owned by Nuckols at a price of $60 per acre. It appears that the number of acres to be cleared was not stipulated at the time the agreement was made. Flynn proceeded with the use of heavy machinery to clear the land of timber, brush and undergrowth, in accordance with the agreement, and Nuckols paid him as the work progressed

a total of $2,555.16 for work done. Flynn claimed that he had cleared about 63 acres of land and demanded $1,196 in addition to the $2,555.16 paid to him by appellant.

Flynn sued appellant for this additional $1,196 and appellant answered with a general denial and further alleged in his answer "that plaintiff entered into a verbal contract with defendant to clear and prepare approximately 65 acres of land owned by defendant in Lincoln County, Arkansas. That plaintiff was to use heavy-duty equipment which he claimed to own, remove all timber growing and being located on said land and to clear said land ready for the plow. That the plaintiff was to receive $60.00 per acre when said tract of land was cleared according to said agreement. That plaintiff wholly failed to carry out his said agreement and moved his heavy-duty equipment from defendant's land to land owned by Homer W. Ballou and then moved said equipment to land owned by Jimmie Craig and thereafter voluntarily surrendered all of said heavy-duty equipment to the Little Rock Road Machinery Company, after defendant had advanced to plaintiff the sum of $2,555.16. That defendant was compelled to spend a large sum of money in order to clear the land which plaintiff had abandoned and failed to clear. That much of the 65 acre tract remains uncleared due wholly to plaintiff's failure to perform his agreement, and due to the fact that plaintiff voluntarily disposed of his equipment and left defendant's land," and that he, appellant, had been damaged because of appellee's failure to perform in the sum of $2,555.16 and asked for judgment for this amount. A jury trial resulted in a judgment in favor of appellee for $1,044.84.

For reversal appellant relies on the following points: "1. The verdict of the jury is against the weight of the evidence. 2. The lower court should have given Instruction No. 8, and Instruction No. 3 and No. 4 are erroneous. 3. The court should have set aside the verdict of the jury. 4. If the judgment is affirmed, a remittitur should be ordered and the amount of recovery decreased."

Flynn testified that in accordance with the above agreement he cleared about 63 acres. He estimated there was about 1-1/2 or 2 acres in a bog or "frog pond" which he could not clear without his heavy machinery bogging down and offered to clear this frog pond by hand labor, but appellant refused to allow him to do so. The water stands in the frog pond the year around. All the acreage he cleared is now in a rice crop. He had this acreage "chained" and it measured 64.6 acres in the tract. Flynn's testimony was corroborated by other witnesses. While appellant offered testimony tending to contradict appellee on the number of acres cleared by Flynn, the jury, which was the sole judge of the evidence, the weight to be given to it, and the credibility of the witnesses, found for the appellee and under our long established rule we must affirm if we find any substantial evidence to support the jury's verdict. See *St. Louis Southwestern Railway Co.* v. *Byrne,* 73 Ark. 377, 84 S. W. 469. We hold that the evidence, after reviewing it all, was substantial and sufficient. But, says appellant, the trial court erred in refusing to set the verdict aside because it was against the preponderance of the evidence. We do not agree. Our long established rule, consistently followed, was reannounced in *Dudley* v. *Adams,* 227 Ark. 376, 298 S. W. 2d 701, "When the cause reaches us on appeal we do not concern ourselves with determining where the preponderance of the evidence lay but only whether there was any substantial evidence to support the verdict and judgment rendered. In other words, if we find any substantial evidence to support the verdict we must affirm, . . ."

Appellant also contends that the court erred in refusing to give his Instruction No. 8 and thereby denied appellant the right to submit to the jury his defense of rescission of the original contract. This contention is untenable for the reason that this defense, in effect, was fully and clearly submitted to the jury in Instructions 5 and 6 given at appellant's request. These instructions were as follows: "5. If you find from a preponderance of the evidence on the whole case that M. M. Flynn and A. L. Nuckols entered into a contract where-

by M. M. Flynn was to clear land owned by A. L. Nuckols, which contract included removing all timber from the land, shearing the stumps level with the ground, and preparing the land ready for the plow, free from timber and kindred growth, for the agreed price of $60.00 per acre; that M. M. Flynn commenced clearing the land and placed his machinery in operation and partially cleared said land, and thereafter, M. M. Flynn surrendered the machinery used to perform the work to the Little Rock Road Machinery Company, and abandoned the job without clearing it, then you will find for the defendant, A. L. Nuckols, unless you find that M. M. Flynn fully performed and completed his contract to clear the land and place it in such condition as it was ready for the plow. No. 6. If you find from a preponderance of the evidence on the whole case that M. M. Flynn and A. L. Nuckols entered into a contract whereby M. M. Flynn was to clear land owned by A. L. Nuckols, which contract included removing all timber from the land, shearing the stumps level with the ground and preparing the land ready for the plow, free from timber and kindred growth, for the agreed price of $60.00 per acre; that M. M. Flynn practically cleared the land, and received $2,555.16 for the work; that M. M. Flynn and A. L. Nuckols agreed that A. L. Nuckols could complete the work which remained to be done, and if you find that A. L. Nuckols spent the sum of $653.20 in order to complete the additional work; if you find that the total amount spent by A. L. Nuckols in clearing the land is the sum of $3,288.96, and if you find the total acreage cleared by Flynn is 53.1 acres; that the total amount, according to the contract price of $60.00 per acre for clearing 53.1 acres of land is $3,186.00 and if you find that A. L. Nuckols has paid more than the contract price agreed on for clearing 53.1 acres, then you will find for the defendant A. L. Nuckols, unless you further find that M. M. Flynn fully performed and completed his contract and cleared more than 53.1 acres of land.'' The court was not required to multiply or repeat instructions on any issue.

Appellant next argues that Instructions 3 and 4 given by the court, over his objections, were in error. We do not agree. Instruction 3 provides: "If you find by a preponderance of the evidence that plaintiff contracted with defendant to clear defendant's land at the agreed sum of $60.00 per acre, and that plaintiff performed his part of the contract by clearing all of defendant's land capable of being cleared, and that the defendant has not fulfilled his part of the contract in that he is indebted to the plaintiff for clearing such land, then your verdict will be for the plaintiff in such amount that you find the defendant is indebted to the plaintiff for his services." Appellant says that this instruction "omits the defense of A. L. Nuckols and that it is speculative and does not show the exact number of acres that M. M. Flynn was to clear; that further, it is a binding instruction and makes it imperative that the jury find for the plaintiff." Instruction 4 provides: "If you find by a preponderance of the evidence that a certain portion of the lands were incapable of being cleared by machinery and that the plaintiff Flynn offered to clear same by hand and that the defendant declined to permit him to do this, then you will not consider the failure to clean that portion of the land as a breach of the contract." His objection to this instruction is similar, in effect, to his objection to No. 3. These instructions, when considered along with all the other instructions given (and as a whole), as we must do, were correct in the circumstances.

On the record presented, the verdict was not excessive. Finding no error, the judgment is affirmed.

Chief Justice HARRIS and Justices McFADDIN and GEORGE ROSE SMITH concur.