VANLANDINGHAM *v.* GARTMAN.

5-2957                                     367 S. W. 2d 111

Opinion delivered April 29, 1963.

*Barber, Henry, Thurman & McCaskill,* for appellant.

*Joe W. McCoy,* for appellee.

SAM ROBINSON, Associate Justice. Appellee, Mildred Gartman, was sitting in her automobile which was properly parked in front of her home in Sheridan, Arkansas, when appellant, Harold Vanlandingham, drove his car into the back of the Gartman automobile. Mrs. Gartman was seriously injured. She filed this suit against Vanlandingham. He defended on the theory that he ran into the Gartman car in order to avoid striking a little girl that ran across the road in front of him. He was drinking at the time, and there was evidence to the effect that there was no little girl involved. The plaintiff recovered a judgment in the sum of $20,000.00. Vanlandingham has appealed.

There are two issues: First, appellant contends that the court made a reversible error in refusing to give his Instruction No. 2, as follows: "If you believe from the evidence that the sole, direct and proximate cause of the injuries, if any, of Mildred Gartman was some act or omission or conduct on the part of some third party, then it would be your duty to return your verdict in favor of the defendant, Harold Vanlandingham."

While Instruction No. 2 may be a correct statement of the law, appellant was in no way prejudiced by the court's refusal to give it in view of other instructions given at appellant's request. Appellant's requested Instruction No. 4 given by the court is as follows: "Under the law no one is legally liable to another for damages caused by an unavoidable mishap.

"If you find and believe from the evidence in this case that insofar as Harold Vanlandingham was concerned, the mishap was an unavoidable one and was not the result of negligence on his part, then your verdict will be in favor of the defendant."

The court also gave appellant's Instruction No. 5, as follows: "When the driver of an automobile is suddenly confronted with an emergency not created by his own negligence, he is not held to the same accuracy of judgment as is required of him under ordinary circumstances.

"If, therefore, you find that Harold Vanlandingham was suddenly confronted with an emergency not created by any negligence on his part, then you will test his conduct by what a reasonably prudent person might have done under the same or similar circumstances, and if you find that he made a choice of conduct such as a reasonably prudent person might have made under those circumstances, then he would not be guilty of negligence, even though it might afterwards appear that it would have been wiser or better for him to have chosen a different course of conduct."

Jurors are presumed to be intelligent people. They must have understood from the instructions given that appellee could not recover if her injuries were caused solely by some third person. The court is not required to give repetitious instructions. *Little Rock Railway & Electric Co.* v. *Green,* 78 Ark. 129, 93 S. W. 752; *Nuckols* v. *Flynn,* 228 Ark. 1106, 312 S. W. 2d 444.

The next issue is whether the trial court erred in permitting attorney for plaintiff, appellee, to use a chart he had prepared to illustrate his argument to the jury on the question of damages, particularly damages for pain and suffering. There was evidence that appellee had suffered and would continue to suffer considerable pain. She had asked for a judgment in the sum of $25,000.00. In arguing the amount of damages that should be awarded for pain and suffering, appellee's attorney illustrated his argument with a chart showing that she had already suffered 521 days, and further, if this item was computed at the rate of $12 per day it would amount to $6,144.00. He further illustrated on the chart that since appellee had a life expectancy of 34 years, if allowed $0.50 per day for future suffering, it would amount to $6,205.00. The trial court overruled appellant's objection to the use of the chart.

In a matter of this kind the trial court must exercise a sound discretion. If the chart was used in a manner to make it appear to the jury that evidence had been introduced to the effect that appellee's pain and suffering was worth $12 per day and in the future would be worth

$0.50 per day, it would be error to permit the use of the chart because, of course, no such evidence was introduced; but where, as here, it is perfectly clear that the figures on the chart or blackboard were nothing more than argument by counsel, we cannot say there was an abuse of discretion by the trial court in permitting its use. In *John A. Westland, Inc.* v. *O'Bryan Construction Co., Inc.*, 187 A. 2d 507, Jan. 2, 1963, the court said: "Neither blackboards nor other forms of visual display may be used with uninhibited freedom. *Bone* v. *General Motors Corporation*, Mo., 322 S. W. 2d 916, 71 A. L. R. 2d 361; see also *Killary* v. *Burlington — Lake Champlain Chamber of Commerce, Inc.*, Vt., 186 A. 2d 170. Courts set themselves against the use of these methods to mislead, or where the use is not fairly based on the evidence. But, by and large, this is an area where the trial court's authority over the conduct of the trial gives it large discretion, and its exercise of control will not be disturbed lightly. The complaining party must demonstrate prejudice to procure this Court's intervention. The defendant has not done so here."

This point has been before a good many courts in the past few years. There is a note on the question of per diem or similar mathmatical basis for fixing pain and suffering in 60 A. L. R. 2d 1347. There is a long annotation on the question of the use of a blackboard, chart, diagram, or placard not introduced in evidence relating to damages in 86 A. L. R. 2d 239. Practically all the cases dealing with the subject are cited. See also Ark. Law. Rev., Vol. 17, No. 1.

In numbers, the cases are about equally divided on the question. We feel, however, that the weight of authority is to the effect that it is not an abuse of discretion for the trial court to permit the use of a blackboard or chart as was done in the case at bar. Several theories have been advanced as a basis for excluding per diem amount arguments for damages for pain and suffering, including: that there is no evidentiary basis for converting pain and suffering into monetary terms; it is improper for counsel to suggest a total amount for pain and suffering, and

therefore wrong to suggest per diem amounts; that to do so amounts to the attorney giving testimony, and expressing opinions and conclusions on matters not disclosed by the evidence; and juries frequently are misled thereby into making excessive awards.

In *Ratner* v. *Arrington*, 111 So. 2d 82, a great many of the cases in point are cited, and there the court said:

"The items or elements of damages listed on the chart in this case, and which thus were argued to the jury, all were supported by some evidence of established or calculable monetary value, except the elements of 'pain and suffering' and 'physical disability and inability to lead a normal life.' As to those two elements, we are not prepared to hold that it was prejudicial error for the trial court to allow counsel for appellee, in argument to the jury, to suggest an amount which he felt would be proper and reasonable to be awarded as damages therefor. Nor do we hold it was error to include a suggested per diem amount approach to such an award."

In the case at bar, along with other allegations, the plaintiff alleged that she had been damaged by reason of physical pain and mental anguish endured in the past and which she would suffer in the future by reason of the injury sustained. Of course, no witness can say a person has been damaged so much per day by reason of such suffering, and neither can a witness say that a person has been damaged $5,000.00, or any other amount, by reason of suffering; but a plaintiff can allege great pain and suffering and can prove such assertion in various ways. On the other hand, a defendant can deny that there has been any pain and suffering. This is frequently done and evidence is introduced to that effect.

As we see it, there is no sound reason why an attorney in the case should be precluded from arguing the amount of damages that should be awarded for pain and suffering, assuming of course, that evidence has been introduced showing pain and suffering, as was done in the case at bar. Likewise, the defense attorney can argue that none or very little damage has been suffered in that

respect. Of course it behooves the courts to see that no unfair tactics are used; for instance, although an attorney might use a chart or blackboard to illustrate his argument, it would not be fair to place the illustration where it could be seen by the jury at times when the attorney was not using it in making his argument. If the jury could see it all day it would be the same as arguing the case all day.

In the case at bar, no unfair tactics were used. It was made perfectly clear that the chart was merely an illustration of the argument; that it was not evidence; and the court specifically limited the jury's view of it to the time counsel was actually making his argument.

We find no error.

Affirmed.