## LEBOW AND COOPER MOTOR LINES, INC.
### *v.* REICHEL

[No. 288, September Term, 1962.]

*Decided May 10, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Paul F. Due,* with whom were *Douglas R. Due* and *Due, Nickerson, Whiteford & Taylor* on the brief, for appellants.

*Max R. Israelson* and *Melvin J. Sykes* for appellee.

PER CURIAM.

This is an appeal from a substantial judgment entered after

a jury's verdict, assessing damages for personal injuries suffered as the result of an automobile collision.

The appellant seeks to raise three questions: (1) Should the trial court have instructed the jury that the *per diem* argument is not evidence?; (2) Was the appellee entitled to receive only the present value of his pain and suffering?; and (3) Should the *per diem* argument be abolished? However, we are unable to discover in the record any proper reservations of questions (1) and (2) for our consideration. Maryland Rule 885.

## I

During the trial, a blackboard had been used for the purpose of listing appellee's income for several years. When appellee's counsel reached his argument concerning compensation for pain and suffering, the following colloquy took place:

"(Mr. Due) Your Honor, may I have an objection to this pain and suffering *per diem* argument?

"(The Court) I don't know what the nature of the argument will be.

"(Mr. Due) I take it it will be—

"(The Court) You [appellee's counsel] go ahead. I may interpose some instruction or comment, but we will wait and see."

Thereupon appellee's counsel placed on the blackboard his *per diem* figures with respect to pain; and he made it clear to the jury that his figures were argument and that it was the jury's function to determine the amount of money that would reasonably compensate appellee for his injuries. Appellant's counsel objected "to this matter on the blackboard."

Appellant's counsel now insists that the trial judge "declined to allow" him to state the grounds of his objection, and the trial judge was duty bound, under our decision in *Eastern Shore P. S. C. v. Corbett,* 227 Md. 411, 177 A. 2d 701, to instruct the jury that appellee's counsel's argument was not evidence. The trial judge's statement was, we think, no more than an assertion that he could not rule upon the propriety of counsel's argument before he knew what it was to be, but he would do so from time to time if objection were made, and

depending upon what developed, he might interpose "some instruction or comment" on the *per diem* argument. It will be noted that the judge was not requested to instruct the jury that counsel's *per diem* argument was not evidence, and he probably would have done so anyway, but for the fact that appellee's counsel had made it clear to the jury that his argument was not evidence. In any event, we find nothing in the above colloquy that raises the question that appellant now argues, namely, that the trial judge, whether requested or not, was required specifically to instruct the jury that counsel's *per diem* argument was not evidence.

## II

There is nothing in the record to show that this point was raised in the trial below. It was not argued to the jury, no jury instruction thereon was requested, and it was not mentioned in appellant's motion for a new trial nor in his memorandum in support thereof. It was mentioned for the first time in argument in support of the motion for a new trial (apparently with reference to future losses of income, not as to pain and suffering). We do not think the question is before us for determination.

## III

The *Corbett* case, *supra,* was decided after it had been carefully briefed, argued, reargued and maturely considered. We reaffirm our decision therein.

*Judgment affirmed, with costs.*