WIGGINTON, Judge.
Appellants were defendants in an action for damages resulting from personal injuries sustained by plaintiff arising out of a motor vehicle collision. From an adverse judgment, defendants have appealed.
In his closing argument to the jury, plaintiff’s counsel placed on a blackboard a mathematical formula which he suggested that the jury use in computing the money value of the past, present and future pain and suffering of plaintiff. Defendants objected to the use of such mathematical formula on the ground that it contained figures not adduced in evidence and therefore invaded the province of the jury. The trial court overruled defendants’ objection, and it is this ruling which is assigned as error.
Appellants invite our attention to the Braddock case,[1] in which our Supreme Court held that the problem of a jury in determining the amount of damages to be awarded for pain and suffering is not one of mathematical calculation but involves an exercise of sound judgment of what is fair and right, and rests within the enlightened conscience of the jury. Appellants contend that under this ruling any argument which suggests to a jury an amount which should be allowed for pain and suffering on a per diem basis is improper, and an objection thereto should be sustained.
This question was squarely raised before the Third District Court of Appeal in the Ratner case.[2] In an exhaustive opinion by Judge Charles Carroll, authorities from other jurisdictions were carefully reviewed and it was found that the weight of authority permits counsel, in his summation to the jury, to use a mathematical formula which suggests amounts on a per diem basis when damages for pain and suffering are involved. In Ratner, the court concluded that whether this type of argument should be permitted rests in the sound judicial discretion of the trial judge, and that the allowance of such argument will not be grounds for reversal in the absence of a showing of an abuse of discretion. A similar conclusion was reached by the Second District Court of Appeal in the Perdue case.[3]
We adopt both the reasoning and the conclusions reached by the Second and Third District Courts of Appeal on the question here considered. It is our view *661 that the record before us contains sufficient evidence to justify use of the per diem argument to which objection was made, and that the trial judge did not abuse his discretion in overruling the objection.
We have considered the remaining points on appeal but find them to be without substantial merit.[4]
The judgment appealed is affirmed.
STURGIS, C. J. and CARROLL, DONALD K., J., concur.

. Braddock v. Seaboard Air Line Railroad Company, (Fla.1955) 80 So.2d 662.

. Ratner v. Arrington, (Fla.App.1959) 111 So.2d 82.

. Perdue v. Watson, (Fla.App.1962) 144 So.2d 840.

. See Sirmons v. Pittman, (Fla.App.1962) 138 So.2d 765..