COUNTRY MUTUAL INSURANCE COMPANY, Appellant,

v.

Fred E. EASTMAN, Appellee.

No. 21935.

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1966.

A. G. Seale, Louis G. Baine, Jr., of Seale, Hayes, Smith & Baine, Baton Rouge, La., for Country Mutual Ins. Co.

Joseph A. Sims, Robert J. Mack, of Sims & Mack, Hammond, La., for Fred Eastman.

Before WHITAKER, Senior Judge,* and WISDOM and THORNBERRY, Circuit Judges.

PER CURIAM:

Defendant-appellant's insured, one Raymond E. Newell, while proceeding north on U. S. Highway 51 approaching Amite, Louisiana, in his truck and trailer, on February 23, 1961, at about 2:15 p. m., overtook and struck from the rear a pickup truck driven by plaintiff-appellee. Appellee filed this suit against appellant for bodily injuries and property damage allegedly sustained as a result thereof.

At the conclusion of the trial before the New Orleans Division of the United States District Court for the Eastern District of Louisiana, the jury returned a verdict for appellee in the amount of $73,926, and judgment was entered for this amount. The court denied appellant's motion for judgment notwithstanding the verdict. Thereupon, appellant filed a motion for a new trial or, in the alternative, for a remittitur. The motion for new trial was denied conditioned upon the appellee's entering a remittitur reducing the judgment to $45,000. Appellee entered such a remittitur and an amended judgment was entered in the amount of $45,000.

We are of the opinion that the testimony amply supports the verdict of the jury on the question of liability, and we are also of the opinion that the argument of appellee's counsel before the jury on rebuttal does not require reversal on the ground that it was an improper appeal to the sympathy of the jury.

Appellant's chief reliance in oral argument was the use by counsel for appellee of a mathematical formula to compute the amount of damages to be awarded for personal injuries, including pain and suffering. Plaintiff-appellee's counsel argued to the jury that they might arrive at what was fair compensation by assuming that he was entitled to $70 per week for the injury to his neck, including

---

* Of the U.S. Court of Claims, sitting by designation.

pain and suffering, and multiplying this by appellee's life expectancy, which he assumed was 20 years, based upon his asserted lifespan of his parents. The jury adopted this formula.

The courts have been in disagreement over the propriety of such an argument, but in Johnson v. Colglazier, 348 F.2d 420 (5th Cir. 1965), this court held that it was impermissible, and that the failure of the trial judge to rebuke counsel for making such an argument and to instruct the jury to disregard it was reversible error. Judge Brown dissented in an extensive opinion.

In the case at bar, appellee's counsel, in his opening statement, suggested to the jury the use of this method of computing the damages to be awarded for the injury to appellee's neck. Appellant's counsel made no objection, but the court interjected, "I think that is going a little bit far." However, he did not instruct the jury to disregard the suggestion.

In his rebuttal argument to the jury, appellee's counsel reiterated his suggested method of computation of damages. Appellant's counsel then objected to the argument on this ground: "Counsel stipulated he was not asking for loss of earnings. He is now asking for wages." Appellee's counsel replied that he was not " * * * asking for any wages. I am not asking for any loss of hearing. The trouble with the neck, that is all I am asking." The district judge first said he would ask the jury to disregard counsel's last statement, because "not properly a rebuttal statement," but then he stated he recalled that appellant's counsel had asked the jury to keep the damages low, whereupon he said, "So I won't strike it." No further objection was made to the argument. In Johnson v. Colglazier, supra, it does not appear whether or not objection was made to the argument.

■ Where the trial court is not given an opportunity to correct an error, by timely objection, we do not think it can be made, for the first time, in this court except in extreme cases. As the court said in Maryland Casualty Co. v. Reid, 76 F.2d 30, 33 (5th Cir. 1935):

Ordinarily, if his counsel fails to adequately object, or fails to except to adverse action on his objection, a litigant may not complain of what occurred as error, for he will be treated as having assented to it. On the other hand, a trial judge may never abdicate his function, or surrender to counsel the conduct of the trial. It is still his primary duty to oversee and conduct it. Because this is so, he may, and if he fails to, the appellate court may, though no objection is made and no exception taken, correct an error of abdication which has resulted unjustly, by voiding the trial. But this will be done only in extreme cases, where the judge's error in permitting the trial to get out of bounds, instead of exercising his function to guide and control it, is of such transcendent influence on the course of the trial as that, though not excepted to, justice requires its being noticed and corrected.

■ We do not think this is such a case, especially since the district judge stated to counsel, on argument of the motion for a new trial, that one would be granted unless plaintiff-appellee agreed to a remittitur to reduce the judgment to the round figure of $45,000, which was done. Entry of an amended judgment for the round figure of $45,000, which of course was not based on a mathematical formula, in lieu of the original one of $73,926, in our opinion, cures the error or, at least, removes the case from the category of those where the argument "is of such transcendent influence on the course of the trial as that, though not excepted to, justice requires its being noticed and corrected." Maryland Casualty Co. v. Reid, supra.

Accordingly, the judgment of the district court is affirmed.