BARON TUBE COMPANY, the partnership of Hyman Baron and Jay Baron and Hyman Baron, Individually, Appellants,

v.

The TRANSPORT INSURANCE COMPANY et al., Appellees.

No. 22680.

United States Court of Appeals
Fifth Circuit.

Aug. 3, 1966.

Burt DeRieux, Greene, Neely, Buckley & DeRieux, James A. Eichelberger, Atlanta, Ga., for appellants.

James L. Norton, Tom Alexander, Houston, Tex., Jonathan Day, of Butler, Binion, Rice, Cook & Knapp, Houston, Tex., Tom Rice of Nall, Miller, Cadenhead & Dennis, Atlanta, Ga., of counsel, for appellees.

Before TUTTLE, Chief Judge, BROWN, WISDOM, GEWIN, BELL, THORNBERRY, and COLEMAN, Circuit Judges, En Banc.

GRIFFIN B. BELL, Circuit Judge.

This appeal arises out of a third party negligence action. A jury verdict and judgment thereon was rendered for plaintiffs-appellees in the sum of Seventy-five Thousand Dollars. Appellants moved for judgment notwithstanding the verdict, and in the alternative for a new trial. This appeal is from the order overruling these motions. We affirm.

Plaintiff James W. Lockmiller, a resident of the State of Texas, was a truck driver employed by Bell Transport Company. Defendant Baron Tube Company is a partnership with its office and principal place of business in Atlanta, Georgia. On the evening of January 17, 1959, Mr. Lockmiller was dispatched to Baron Tube Company's pipe yard in Houston, Texas, to pick up a load of "hot pipe" for immediate delivery to an oil well site in Louisiana. He reached the yard at ten o'clock p. m. To compensate for the lack of overhead lighting and the absence of flood lights on the gin pole truck, a makeshift arrangement of lights from vehicles was devised to illuminate the working area. Shortly after the loading operation commenced, the gin pole operator in charge of lifting the pipe, an employee of Houston Hauling Company, shut down his rig because one of Baron's employees who was helping with the loading appeared to be intoxicated. Mr. Lockmiller took this man's place as the forward "hooker." In the course of the subsequent loading operation, a pipe came loose and Mr. Lockmiller, attempting to avoid the pipe by stepping backward, tripped and fell over a four-by-four timber. He was struck on the leg by a twenty eight foot length of seven inch steel pipe, thereby sustaining the injuries which form the subject matter of the claim for damages.

On December 11, 1962, judgment was entered for Lockmiller on his Texas workmen's compensation claim against Transport Insurance Company, a Texas corporation and insurance carrier for Bell Transport. On March 19, 1964, Lockmiller and Transport Insurance Company filed this third party negligence action against Baron Tube Company and Hyman Baron individually, seeking damages for personal injuries, and reimbursement of the workmen's compensation benefits paid.

## I.

Appellants contend that as a matter of law the claim was barred by the statute of limitations, and that the trial court was in error in not so ruling. In the alternative they contend that the statute of limitations issue involved mixed questions of law and fact, and that it was error not to submit this question to the jury.

 This is a diversity case. The statute of limitations is substantive for purposes of Erie Railroad Company v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. See Guaranty Trust Company of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. Federal courts must look to the substantive law of the state in which they are sitting and this includes the state choice of law rules. Klaxon Company v. Stentor Electric Manufacturing Company, Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Thus, in the instant case, to determine whether the Georgia or Texas statute of limitations applies, we must look to the Georgia choice of law rule. Under Georgia law and the circumstances of this case, the lex fori governs with respect to the statute of limitations. O'Shields v. Georgia Pacific Railway Company, 1889, 83 Ga. 621, 10 S.E. 268, 6 L.R.A. 152; Blue v. Maico, N.D. Ga., 1963, 217 F.Supp. 747. The applicable Georgia statute of limitations is two years and the period begins running when the cause of action accrues. Ga. Code Ann. § 3–1004. To determine when the cause of action accrued we must look to Texas law. Western and Atlantic Railroad Company v. Strong, 1874, 52 Ga. 461; Slaton v. Hall, 1929, 168 Ga. 710, 715, 148 S.E. 741, 743, 73 A.L.R. 891. Under Texas law the cause of action accrued when judgment was entered on Lockmiller's Texas workmen's compensation claim, December 11, 1962. Buss v. Robison, 1952, Tex.Civ.App., 255 S.W.2d 339, Writ ref'd n. r. e. The present suit was instituted on March 19, 1964, within the two year Georgia statute of limitations, and hence is not barred.

 Nor can we agree with the contention that the statute of limitations issue involved mixed questions of law and fact which should have been submitted to the jury. Appellants have not demon-

strated any factual determination which was left open for the jury. The dates involved were undisputed. The only question concerned the impact of these facts under Texas law. This was a question of law, and the court was correct in not submitting the issue to the jury.

## II.

Appellants further contend that the action was barred as a matter of law by the contributory negligence of Lockmiller under the "volenti" and "no duty" doctrines of Texas case law. However, the trial court must view the evidence and all legitimate inferences therefrom in the light most favorable to the party against whom a motion for directed verdict or for judgment notwithstanding the verdict is made, and such motion must be denied if there is any substantial evidence which would support a verdict. Turner v. Atlantic Coast Line Railroad Company, 5 Cir., 1961, 292 F.2d 586; Hogan v. United States, 5 Cir., 1963, 325 F.2d 276; Palisi v. Louisville & Nashville Railroad Company, Inc., 5 Cir., 1965, 342 F.2d 799; 2B Barron and Holtzoff (Wright Ed.), Federal Practice and Procedure, § 1075 and 5 Moore's Federal Practice, §§ 50.10, 50.12, 50.13–50.15 (2d ed.). In light of the facts of record and the Texas authorities, Halepeska v. Callihan Interests, Inc., 1963, Tex., 371 S.W.2d 368; Triangle Motors of Dallas v. Richmond, 1953, 152 Tex. 354, 258 S.W.2d 60, there is no merit in this contention.

## III.

We can dispose of three additional assignments of error without extended discussion. We do not agree that the recharge to the jury stressed the contentions of the plaintiffs while excluding those of the defendants and thus deprived appellants of a fair and impartial trial. The recharge was fair and correct.

Appellants complain of the admission into evidence of certain photographs. The fact of the matter is that these photographs, admitted for the limited purpose as they were of showing the location of the pipe racks and the manner in which the pipes rested on the racks, were admissible under any conceivable standard.

They also urge that their counsel had the right to read law to the court in the presence of the jury during his final argument. They assert error in the refusal of the court to permit such to be done, and also in stating, in the presence of the jury, that his effort to make such an argument was improper. The control and conduct of the trial is vested in the discretion of the trial court, Maryland Casualty Company v. Reid, 5 Cir., 1935, 76 F.2d 30, and the action of the court here was well within that discretion. Cf. United States v. Harry Barfield Company, 5 Cir., 1966, 359 F.2d 120.

## IV.

The final assignment of error stems from the action of the court in allowing counsel for plaintiffs to base his argument for damages for pain and suffering on a so-called "unit of time" formula. It is the position of appellants that our decision of Johnson v. Colglazier, 5 Cir., 1965, 348 F.2d 420, requires out of hand reversal. They argue that the mere use of such an argument requires summary reversal. They read Johnson v. Colglazier as divesting any discretion the trial court might otherwise have, in any and all circumstances, to permit an argument of this kind. However, such a narrow and rigid interpretation of Johnson v. Colglazier has already been rejected to the extent that reversal is not required where there was no objection to the argument, and a substantial remittitur was ordered. See Country Mutual Insurance Co. v. Eastman, 5 Cir., 1966, 356 F.2d 880. Moreover, this argument ignores a significant distinction between Johnson v. Colglazier and this case based on the presence or absence of a cautionary instruction relative to the argument. There was no such instruction in Johnson v. Colglazier. Here the instruction was full and complete. The court stated in its charge that the argument, and the charts which were a part of the argument, was simply

counsel's method of presenting his contention as to how much should be awarded for pain and suffering. The jury was told that this was not evidence in the case, and that they should not be prejudiced by anything that might have transpired outside the actual evidence in the case.

Our principal difficulty in this case comes from the sweep of the opinion in Johnson v. Colglazier. It reaches much beyond its facts and it may well be argued that the court did sound the death knell for the unit of time argument regardless of the circumstances. In language which may hardly be described as narrow or limited, the court concluded:

"We are of the opinion that, while generous in amount, considering the evidence as a whole, the amount of the verdict is not so excessive per se as to require reversal. We are, however, of the clear opinion that the plaintiffs' argument as a whole transgressed permissible bounds, that the court's silence and non-action in not preventing and rebuking the argument was reversible error, and that because of that conduct the judgment must be reversed because excessive, as induced in part by an argument designed, calculated, and effective to mislead the jury into believing that the determination of a proper award for legal damages for pain and suffering is a matter of precise and accurate determination and not, as it really is, a matter to be left to the jury's determination, uninfluenced by arguments and charts of the kind involved here, which could only be regarded as tending to mislead the jury into believing that there was

an accurate 'legal' guide or chart to assist and direct them in reaching a large verdict for pain and suffering on considerations which have no proper legal place in the determination."

Being of the view that this broad statement does indeed cast doubt on the use of unit of time arguments, the court, *sua sponte,* determined to give en banc consideration to the question.

 As the court noted in Johnson v. Colglazier, the propriety of the argument is a federal question. It is a matter of federal trial procedure. Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 1958, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953, as applied by this court in Monarch Insurance Co. of Ohio v. Spach, 5 Cir., 1960, 281 F.2d 401.

The unit of time type of argument is not proscribed by federal statute or by the federal rules. Thus, Johnson v. Colglazier is a judicial application of principles pertaining to jury trials and argument as those principles are followed in trial courts generally. The specific principles involved are that the argument shall not ask the jurors to place themselves in the position of a party, sometimes called the "Golden Rule" argument; the argument shall not appeal to passion or prejudice; and the argument should be based only upon the evidence or the reasonable inferences to be drawn therefrom.

The propriety of the unit of time argument has been considered by many courts with these principles as a frame of reference. Some federal courts have countenanced this form of forensic argument,[1] as have many state courts.[2]

1. The Sixth Circuit refused to reverse where a unit of time argument was used, stating that the question was in the discretion of the trial judge in controlling the style and content of argument. Pennsylvania Railroad Company v. McKinley, 6 Cir., 1961, 288 F.2d 262. The Third Circuit in a per curiam opinion, also refused to reverse a case in which the unit of time formula was used, Bowers v. Pennsylvania Railroad Company, 3 Cir., 1960, 281 F.2d 953, per curiam, affirming

182 F.Supp. 756, (D.Del.1960). The District Court considered the matter to be discretionary. The Second Circuit refused to adopt a rule as to the propriety of such an argument in a recent opinion. Rush v. Cargo Ships & Tankers, Inc., 2 Cir., 1966, 360 F.2d 766, [No. 29,972, decided May 20, 1966]. The court found no reversible error in allowing the argument under the circumstances of the case.

2. *Alabama:* Atlantic Coast Line Railroad Co. v. Kines, 1964, 276 Ala. 253, 160

There are state and federal decisions to the contrary.[3] The subject has been much discussed,[4] and Johnson v. Colglazier has been criticized.[5] And it is to be

So.2d 869; McLaney v. Turner, 1958, 267 Ala. 588, 104 So.2d 315.

*Arkansas:* Vanlandingham v. Gartman, 1963, 236 Ark. 504, 367 S.W.2d 111.

*Colorado:* Newbury v. Vogel, 1963, 151 Colo. 520, 379 P.2d 811.

*District of Columbia:* Evening Star Newspaper Company v. Gray, 1962, D.C.Mun.Ct.App., 179 A.2d 377.

*Florida:* Payne v. Alvarez, 1963, Fla. App., 156 So.2d 659; Perdue v. Watson, 1962, Fla.App., 144 So.2d 840; Ratner v. Arrington, 1959, Fla.App., 111 So.2d 82.

*Georgia:* Has enacted a statute permitting a variation of the argument. Ga. Code Ann. § 81–1015 (1960).

*Indiana:* Southern Indiana Gas & Electric Company v. Bone, 1962, 135 Ind. App. 531, 180 N.E.2d 375.

*Iowa:* Cardamon v. Iowa Lutheran Hospital, 1964, 256 Iowa 506, 128 N.W. 2d 226; Corkery v. Greenberg, 1962, 253 Iowa 846, 114 N.W.2d 327.

*Kentucky:* Louisville & Nashville Railroad Company v. Mattingly, 1960, Ky., 339 S.W.2d 155; Maclin v. Horner, 1962, Ky., 357 S.W.2d 325.

*Louisiana:* Little v. Hughes, 1961, La. App., 136 So.2d 448.

*Maryland:* Lebow v. Reichel, 1963, 231 Md. 421, 190 A.2d 642; Eastern Shore Public Service Company v. Corbett, 1961, 227 Md. 411, 177 A.2d 701; Harper v. Higgs, 1961, 225 Md. 24, 169 A.2d 661.

*Michigan:* Yates v. Wenk, 1961, 363 Mich. 311, 109 N.W.2d 828.

*Minnesota:* Flaherty v. Minneapolis & St. Louis Railway Company, 1958, 251 Minn. 345, 87 N.W.2d 633; Boutang v. Twin City Motor Bus Company, 1956, 248 Minn. 240, 80 N.W. 2d 30.

*Mississippi:* Index Drilling, Inc. v. Williams, 1962, 242 Miss. 775, 137 So. 2d 525; Arnold v. Ellis, 1957, 231 Miss. 757, 97 So.2d 744; Four County Elec. Power Ass'n v. Clardy, 1954, 221 Miss. 403, 73 So.2d 144, 44 A.L. R.2d 1191.

*Montana:* Vogel v. Fetter Livestock Company, 1964, 144 Mont. 127, 394 P.2d 766; Wyant v. Dunn, 1962, 140 Mont. 181, 368 P.2d 917.

*Nevada:* Johnson v. Brown, 1959, 75 Nev. 437, 345 P.2d 754.

*North Carolina:* Jenkins v. Harvey C. Hines Company, 1965, 264 N.C. 83, 141 S.E.2d 1 (court did not accept or reject the argument, but intimated acceptance).

*Ohio:* Grossnickle v. Village of Germantown, 1965, 3 Ohio St.2d 96, 209 N.E.2d 442.

*Tennessee:* Has enacted a statute permitting a variation of the argument. Tenn.Code Ann. § 20–1327 (1963).

*Texas:* Hernandez v. Baucum, 1961. Tex. Civ.App., 344 S.W.2d 498; Chemical Express v. Cole, 1961, Tex.Civ.App., 342 S.W.2d 773; Texas & New Orleans Railroad Company v. Flowers, 1960, Tex.Civ.App., 336 S.W.2d 907; Louisiana & Arkansas Railway v. Mullins, 1959, Tex.Civ.App., 326 S.W. 2d 263; Continental Bus System, Inc. v. Toombs, 1959, Tex.Civ.App., 325 S.W.2d 153.

*Utah:* Olsen v. Preferred Risk Mutual Insurance Company, 11 Utah 2d 23, 354 P.2d 575.

*Washington:* Hill v. C. & E. Constr. Co., Inc., 1962, 59 Wash.2d 743, 370 P.2d 255; Jones v. Hogan, 1960, 56 Wash. 2d 23, 351 P.2d 153.

3. *Federal:* Chicago & N. W. Ry. Co. v. Candler, 8 Cir., 1922, 283 F. 881, 28 A.L.R. 1174.

*Delaware:* Henne v. Balick, 1958, 51 Del. 369, 146 A.2d 394 (Here however there was no testimony to support the figures used, only speculation of counsel).

*Hawaii:* Young v. Price, 1964, 48 Haw. 22, 395 P.2d 365; Franco v. Fujimoto, 1964, 47 Haw. 408, 390 P.2d 740.

*Illinois:* Caley v. Manicke, 1962, 24 Ill.2d. 390, 182 N.E.2d 206; Jensen v. Elgin, Joliet and Eastern Railway Company, 1962, 24 Ill.2d 383, 182 N.E.2d 211, 94 A.L.R.2d 904; but see American National Bank & Trust Company v. Peoples Gas Light and Coke Company, 1963, 42 Ill.App.2d 163, 191 N.E.2d 628.

*Kansas:* Caylor v. Atchison, Topeka and Santa Fe Railway Company, 1962, 190 Kan. 261, 374 P.2d 53.

*Missouri:* Wimsatt v. Mitchell, 1964, Mo. App., 383 S.W.2d 154; Faught v. Washam, 1959, Mo., 329 S.W.2d 588; Goldstein v. Feldman, 1960, Mo., 336 S.W.2d 661, does not hold to the contrary; it merely permits the plaintiff's counsel to suggest a lump sum if said amount has substantial basis in the record.

*New Hampshire:* Chamberlain v. Palmer Lumber Co., 1962, 104 N.H. 221, 183

4. See note 4 on page 864.

5. See note 5 on page 864.

noted, Footnote (2), that such arguments are permitted in the courts of each state within the territory of this court. Georgia, by statute, allows such arguments. Georgia Code Annot. § 81–1015.

The reasons militating against use of such an argument were stated for the court by Judge Hutcheson in the majority opinion in Johnson v. Colglazier. These were that the argument cannot be supported by evidence because pain and suffering cannot be measured in dollars on a unit of time basis; that the amount of such damages must necessarily be left, without mathematical formula, to the sound discretion of the jury, because there is no mathematical rule by which the equivalent of such injuries in money can be legally determined; that such arguments create an illusion of certainty in the jury's mind which does not and cannot in fact exist; and that the whole

argument is designed and framed to present an appeal to the jurors to put themselves in the plaintiff's shoes.[6]

■ These reasons must be weighed against the desirability of allowing at least a modicum of advocacy in an adversary proceeding designed to determine plaintiff's damages. When so weighed, the scales are tipped to the side of advocacy. Thus, on balance, our view is that a unit of time type of argument is not improper where accompanied by a suitable cautionary instruction.

■ Of course, as Judge Brown was careful to point out in his dissenting opinion in Johnson v. Colglazier, the trial court must use care to the end that the argument will not inflame the jury and result in an excessive verdict. However, whether to allow such an argument and the protective features to be employed

A.2d 906; Duguay v. Gelinas, 1962, 104 N.H. 182, 182 A.2d 451.

*New Jersey:* Cross v. Robert E. Lamb Inc., 1960, 60 N.J.Super. 53, 158 A. 2d 359; Botta v. Brunner, 1958, 26 N.J. 82, 138 A.2d 713, 60 A.L.R.2d 1331.

*New York:* Paley v. Brust, 1964, 21 A.D. 2d 758, 250 N.Y.S.2d 356.

*North Dakota:* King v. Railway Express Agency, Inc., 1961, N.D., 107 N.W. 2d 509. Court holds only that a unit of time argument is improper where no evidence has been introduced which supported computations.

*Pennsylvania:* Ruby v. Casello, 1964, 204 Pa.Super. 9, 201 A.2d 219.

*South Carolina:* Cf. Edwards v. Lawton, 1964, 244 S.C. 276, 136 S.E.2d 708 (Argument permissible where counsel refrained from giving his opinion as to per diem value of pain and suffering and pointed out that only jury could place monetary value thereon). Harper v. Bolton, 1962, 239 S.C. 541, 124 S.E.2d 54.

*Virginia:* Certified T.V. Appliance Company, Inc. v. Harrington, 1959, 201 Va. 109, 109 S.E.2d 126.

*West Virginia:* Armstead v. Holbert, 1961, 146 W.Va. 582, 122 S.E.2d 43; Crum v. Ward, 1961, 146 W.Va. 421, 122 S.E.2d 18.

*Wisconsin:* Affett v. Milwaukee & Suburban Transport Corporation, 1960, 11 Wis.2d 604, 106 N.W.2d 274, 86 A.L.R.2d 227.

4. 15 Vand.L.Rev. 1303 (1962); 22 La.L. Rev. 461 (1962); 60 Mich.L.Rev. 612 (1962); 14 U.Fla.L.Rev. 189 (1961); 11 Clev.Mar L.Rev. 495 (1962); 39 N.D.L.Rev. 209 (1963); 15 U.Miami L. Rev. 85 (1960); 1960 Wash.U.L.Q. 302; 1959 Ins.L.J. 699; 9 N.Y.L.F. 533 (1963); 17 Ark.L.Rev. 94 (1963); 1962 U.Ill.L.F. 269; 36 Temp.L.Q. 98 (1962); 11 Kan. L.Rev. 170 (1962); 41 B.U.L.Rev. 432 (1961); 38 Chi.-Kent L.Rev. 62 (1961); 23 Ohio S.L.J. 573 (1962); 10 Kan.L. Rev. 93 (1961); 45 Marq.L.Rev. 289 (1961); 62 W.Va.L.Rev. 402 (1960); 38 N.C.L.Rev. 289 (1960); 12 Rutgers L.Rev. 522 (1958); 36 Dicta 373 (1959); 33 So.Calif.L.Rev. 214 (1959); 19 Ohio S.L.J. 780 (1958); 43 Minn.L.Rev. 832 (1959); 11 Ala.L.Rev. 207 (1958); 1962 Duke L.J. 344; 1964 Ins.L.J. 264; 49 Ky.L.J. 592 (1961); 64 W.Va.L.Rev. 454 (1962); 4 Ariz.L.Rev. 312 (1963); 14 S.C.L.Q. 442 (1962); 16 Okl.L.Rev. 468 (1963); 2 Washburn L.J. 171 (1962); 12 De Paul L.Rev. 317 (1963); 6 Trial Law Guide 57 (1962); 22 Md.L.Rev. 254 (1962); 16 Maine L.Rev. 233 (1964); 14 Defense L.J. 129 (1965); 13 Hastings 502 (1962); 23 Ohio St.L.J. 573 (1962).

5. Comment, 44 Texas L.Rev. 195 (1965).

6. These are the traditional arguments against the unit of time argument originally enunciated in Botta v. Brunner, 1958, 26 N.J. 82, 138 A.2d 713, 60 A.L.R. 2d 1331.

are matters vested, in the end, in the sound discretion of the trial court. Cf. Maryland Casualty Company v. Reid, supra.

█ The safeguards which may be utilized may take the form of requiring that counsel notify the court and opposing counsel in advance of argument that the unit of time argument will be made. Since charts are generally used, they should be carefully scrutinized to eliminate any false factual impressions. Also, the court should, as was done in the instant case, make it clear to the jury that the unit of time argument is merely a method of presenting contentions, and is not to be considered as evidence. This may be done at the time the argument is made, or in charge to the jury, or on both occasions. And, as Judge Brown went on to say in his dissent: " * * * to assure effective complete policing, the Court can construct the charge, either general or on special interrogatories, so that each element is separately fixed. [Rule 49, F.R.Civ.P.] The Judge can readily tell whether the verdict is measurably infected on this element by an extravagant runaway jury." Lastly, it goes without saying that the court has ample control over excessive verdicts. We hasten to reiterate that these matters, except for requiring a cautionary instruction, are left to the discretion of the trial court.

█ In essence, the unit of time argument is nothing more than an effort to persuade the jury to evaluate a long period of pain and suffering in terms of its smaller time equivalents. Thus, the idea or worth of one year of pain may not be as understandable, real or persuasive to a juror as its equivalent, three hundred and sixty five days of pain and suffering. Whether the unit be cast in years or months, or weeks or days is a mere matter of degree, and there is little logic in prohibiting the discussion of large units of time in terms of their smaller mathematical equivalents. It is merely a different way of talking about precisely the same thing and it would be unusual, short of a showing that a de-fendant would be deprived of a fair trial, for the use of the argument to be denied altogether. This is not to say that it is not a powerful form of advocacy, but it is to say that with proper safeguards, as here, it is permissible advocacy. To the extent that Johnson v. Colglazier indicates to the contrary, it is overruled.

Affirmed.